EMANUEL SCHLOSS ET AL. v. CHAUNCEY JOSLYN, JUDGE OF THE WASHTENAW CIRCUIT COURT.

*Writ of attachment—Must be sued out in county where one of the parties re- sides, if debtor has property therein liable to attachment—Provision of How. Stat. sec. 7986, requiring this, is jurisdictional—Fact that counties lie near to each other immaterial—The court cannot make distinctions for particular cases—Equity of redemption of mortgaged premises always available for possession until foreclosure.*

1. The provision of How. Stat. § 7986, requiring a circuit court writ of

---

[1] How. Stat. § 6935.

attachment to be sued out in the county where *one* of the parties *resides*, if the debtor has property subject to attachment therein, is jurisdictional, and not without substantial importance; and the fact that the county where suit is brought joins the one in which the defendant resides is immaterial, for the court cannot make distinctions for particular cases.

2. A writ of attachment issued in a county where *neither* party resided was dismissed, on the debtor's motion, on a showing that he had real and personal property in his *home* county.   On an application for a *mandamus* to vacate the order of dismissal it was claimed that the real estate was mortgaged to its full value.

   *Held,* that under our statutes the equity of redemption is always available for possession until foreclosure, and that the circuit judge, who passed upon the facts, may also have found that the personal property was subject to levy.

*Mandamus* to Judge of Washtenaw county to vacate an order dismissing attachment proceedings.

Argued April 27, 1886. Denied April 29, 1886. The facts are stated in the opinion.

*Griffin & Warner,* for relators.

*Hewitt & Freeman,* for respondent.

CAMPBELL, C. J.   Relators sued out and levied an attachment against the property of one David H. Silvers.   They reside in Wayne county.   He resides in Lenawee county, but had a store in Manchester, Washtenaw county, where the levy was made.   He moved to dismiss the attachment as improperly obtained in Washtenaw, when he lived and had property in Lenawee.   The judge of Washtenaw set the proceedings aside for that reason, and a *mandamus* is applied for to rescind this action.

The statute is express that the writ must be sued out where one of the parties resides, if the debtor has property there.[1] That was made to appear in this case, but it was claimed to be incumbered so as to be worthless.   But under our statutes

---

[1] How. Stat. § 7986.
   See *Stringer v. Dean,* 61 Mich. 196, for a full discussion of this section, and the proper practice in taking advantage of a failure to comply with its provisions.

the equity of redemption is always available for possession until foreclosure, and in this case there was also some personal property which the judge, who passed upon the facts, may have found to be also subject to levy. The provision is jurisdictional, and is not without substantial importance.

Our statutes have always made it necessary to sue residents of the State in particular counties, and usually a man at his own home is in a better position to guard his interests, without great expense, than where he is summoned to defend himself elsewhere. In the present case the counties are near by, and the difference is not material. But the service might, if valid here, have been made in some remote county, where it would work hardship. We cannot make distinctions for particular cases. The law is imperative.

The mandamus must be denied, with costs.

The other Justices concurred.

