# W. B. Lyle v. Edmund Longley.

1. Title Bond. A purchaser of land sold under execution as the property of a debtor holding an unregistered title bond thereto, acquires no legal title to the same, nor can the equitable interest in the land be reached in this manner, unless the pleadings in the suit are framed with reference to such interest.

Case cited: Lane v. Marshall, 1 Heisk., 30.

2. Constitutional Law. *Attachments. Who may issue. Teste. Practice.* Legislation authorizing the Chancellor of this State to issue writs of attachment is not in conflict with art. 6, sec. 12 of the Constitution requiring all writs, etc., to bear teste, and be signed by the respective clerks. Nor is it necessary to the validity of an attachment so issued that it should be tested as of the term preceding its isuance.

Case cited: Morris v. Davis, 4 Sneed, 452.

Code cited: Secs. 3463–65, 3474–7.

3. Writs of Attachment. *When not necessary to contain date of issuance. Practice.* Where a Chancellor's fiat shows that an attachment has been granted and issued, the date of its issuance, and when returnable, and the sheriff's endorsement on the writ shows when it was received and the date of the levy, the omission of the date of issuance in the writ itself is not material.

4. Notice. *Who not affected by an unregistered deed.* A creditor is not affected by notice of an unregistered conveyance of his debtor's property.

Case cited: Stanley v. Nelson, 4 Hum., 484.

Code cited: Sec. 2075.

---

FROM CARTER.

---

Appeal from a decree of the Chancery Court at Elizabethton, rendered at its special term, October 2, 1873. C. J. St. John, Sp. J., presiding.

BUTLER, HACKER & GRIFFITH for complainant.

TAYLOR for respondent.

McFARLAND, J., delivered the opinion of the court.

Previous to the 18th of March, 1861, the land in controversy belonged to Wm. Lyle, and on that day he sold it to E. Simmerly and A. Hughes, but the writing evidencing the contract, a title bond, was never registered. Said Lyle remained in occupation of the land.

On the 27th November, 1861, Wm. Peoples, Sr., filed in the Chancery Court at Elizabethton his attachment bill against Lyle and Simmerly, alleging an indebtedness. Under this bill the land was attached as the land of Simmerly.

No answers were filed, and the cause was prosecuted to a hearing in 1866, and on the 14th of July, 1868, the land was sold and bought by E. Longley. The sale was confirmed, and the title by the decree vested in Longley, he being the owner of the debt, as the decree says, but the decree recites that Longley, by his solicitor, admitted that he had contracted the land to Simmerly. The Master is directed to make Simmerly a title whenever he pays the purchase money and interest, and upon the production by said Simmerly of the receipts of W. M. Taylor for the debt and costs, a writ of possession was directed to issue to put Simmerly in possession.

On the 20th April, 1866, Valentine J. Kockler & Co. filed their attachment bill against Wm. Lyle in

the Chancery Court at Elizabethton, charging an indebtedness, and also charging the existence of grounds for an attachment. An attachment was issued by Chancellor Lucky, then the Chancellor of the district, and was levied upon the same land as the property of Lyle. This cause was prosecuted to a decree in favor of the complainants, the land sold by the Master on the 28th February, 1867, and purchased by the complainants, Kochler & Co. They afterwards transfered their bid to the complainant in the present case, W. B. Lyle, who assumed to be a creditor of Wm. Lyle by note, and upon this transfer, and by the direction of Kochler and Co., the Clerk and Master made to said Wylie B. Lyle a deed for the land. Upon this state of facts said W. B. Lyle filed this bill, asserting his title to the land, and praying to have a writ of possession which had issued under the decree in the first named case to put Simmerly in possession, perpetually enjoined, the complainant himself being now in possession. To this bill Longley alone is made defendant.

Upon the authority of the case of *Morgan Lane* v. *Enoch Marshall*, 1 Heis., 30, we hold that the purchaser in the first named case of *Wm. Peoples* v. *Lyle and Simmerly* did not acquire any title. The title levied upon was the title of E. Simmerly in this land. As we have said, Simmerly's title was only an equitable one, no deed had ever been made to him, his equitable right was under a title bond executed to himself and Hughes, which had never been registered. The bill not having been framed to reach the equit-

able right of Simmerly, the sale was not operative to give the purchaser a title. This position is not seriously contested by defendant's counsel.

But, in reply to this, it is argued that the purchaser in the last named case likewise acquired no title.

The first ground upon which it is argued that this proceeding is inoperative is that the attachment that issued in favor of Kochler & Co. is void. As we have seen, this attachment was issued by Chancellor Lucky, and the date of its issuance does not appear upon the attachment itself. The bill which applied for the writ was presented to the Chancellor, and upon it he endorsed that he had assumed the attachment. This endorsement was dated the 17th, April, 1866. The attachment bears no date, but it is made returnable to a Chancery Court, to be held at Elizabethton, on the 6th August, 1866.

The endorsement of the sheriff shows that it came to his hands on the 19th of April, 1866, and was levied on the 20th.

The argument of defendant's counsel is that the Chancellor had no authority to issue the attachment, and for this position the 12th section of the 6th article of the Constitution is relied upon as follows: "All writs and other process shall run in the name of the State of Tennessee, and bear teste and be signed by the respective clerks."

Sec. 3465 gives to Chancellors and Judges of Circuit, Criminal, or Special Courts, justices of the peace, or clerks of the court to which the writ is

19—VOL. 6.

returnable, power to grant the writ; but it is argued that the power to issue the writ does not, under this, coupled with the above provision of the Constitution, belong to the judges, but only to the clerks of the court to which the writ is returnable.

We have not found any satisfactory judicial exposition of the character of the "writs and process" embraced in the above clause of the Constitution. But we find, by the original act of 1793, ch. 1, that the authority to issue writs of attachment was given alone to Judges of the Circuit Court and to justices of the peace, and the form is therein provided, showing that it was to be signed by the judges or justice.

It was held by this court, in the case of *Morris* v. *Davis*, 4 Sneed, 452, that an attachment issued by a Clerk of the Circuit Court, in aid of an action of tort upon the fiat of a judge, was void. Although it was conceded, that under the act of 1843 the ancillary attachment was given in a case of that character, it was held void upon the ground that the clerk had no authority to issue process of that character. It was said that the authority to issue this process was confined alone to judges and justices of the peace, and was never conferred upon clerks of the courts until the act of 1851-2, ch. 265, sec. 11.

Upon this authority, and the legislation and practice, we must hold that the above provision of the Constitution does not prevent the Legislature from authorizing judges to issue writs of attachment. We will not, however, attempt to define to what writs or process the clause in question has reference.

Lyle *v.* Longley.

The question then is, had our statutory laws been so changed as to take the power to issue the writs away from the judges and confer it alone upon the clerks?

As we have seen, at first the power was given alone to the judges and justices, but by the act of 1851–2 it was extended to the clerks.

The Code, in bringing forward and embodying the substance of the former acts, provides, sec. 3463, that "the attachment may be granted by any Judge of the Circuit, Criminal, or Special Court, by any Chancellor or justice of the peace, or by the clerks of the court to which the attachment is returnable.

There is no special provision as to what officer shall issue the writ, except sec. 3471 provides a form that may be used, and shows that it may be signed by a judge, justice of the peace, chancellor, or clerk. From this we must hold that the authority of the Chancellor to issue an attachment is not taken away by statute.

It is next argued that, conceding that the power of the Chancellor to issue the attachment, it should have been tested like other process. Neither the form prescribed by the act of 1794, nor by the Code, required the process to be attested as of the preceding term, like an ordinary summons. The form in the Code is as follows:

"Witness: E. F., Chancellor. ———— day of ————, 18——."

But sec. 3474 says the attachment may be substantially in this form, and sec. 3475 enacts that no objection

will lie to the form if the essential matters in the precedent be set forth. We think, when the process is signed by the Chancellor, it is not essential to its validity that the form last above set forth shall be followed, as it simply amounts to writing the Chancellor's name twice.

The next objection is that there is nothing to show when the attachment issued.

The fiat on the bill shows when it was granted, and that the attachment had been issued. It shows upon its face what day it was returnable, and the endorsement of the sheriff shows the day it was received and the date of the levy, which was the most important. As no special question arises upon the date of the issuance, we think the process should not, on this ground, be declared void.

We cannot, therefore, hold the sale under the attachment in question void.

It is next argued, that conceding the sale under Kockler's attachment to be valid, the purchaser could acquire no higher rights than the debtor, Wm. Lyle, had, that is, the mere valid legal title, subject to the equitable right of Simmerly, who had bought and paid for the land. A creditor seeking to reach an equitable right of his debtor, is restricted, of course, to these equities, and can obtain no higher right; but under the registration laws the sale by Lyle to Simmerly was void as to Lyle's creditors for want of registration. The result of this is that Lyle's creditors could treat the land as Lyle's, as if there had been no such sale, and in a case of this character a creditor

can obtain higher rights than his debtor would have had.     Even if Kochler & Co. had notice of the sale, which does not appear, they were not affected by it, although a subsequent purchaser would be.    A creditor is not affected by notice: Sec. 2075 of the Code; 4 Hum., 484.

It is true the complainant, not being a judgment creditor of Wm. Lyle, had no right to redeem, still the Master's deed, in accordance with the assignment of Kochler & Co., carried the title to him.

The fact that the complainant is the son of Wm. Lyle, and in this manner obtains title to the land for a small consideration, with full notice, as may be inferred, that Simmerly and Hughes had bought the land from his father, and paid for it, would seem to indicate that his claim is not very meritorious; yet he has bought and taken the title from one who had obtained it in a regular way, and see no other solution of the question.

It is next objected that this bill is alone against Longley, and the writ of possession sought to be enjoined was to put Simmerly in possession.

The decree in the People's case purported to vest the title in Longley.    The further recitals of the decree did not operate of itself to transfer Longley's rights to Simmerly.    This was left to be settled between Longley's attorney Simmerly and the clerk, and the clerk assumed to issue the writ to put Simmerly in possession.

Upon the record, however, Longley would have to be taken as the party, no actual transfer to Simmerly

appearing. He could only be entitled .to the writ of possession under this decree as Longley's agent.

The decree of the Chancellor will be reversed, and a decree for the complainant, with costs.