DAVID TURNER v. THE ST. CLAIR TUNNEL COMPANY.

*Practice in circuit court—Motion to quash service of process—
Trial of issue—Railroad companies—Sufficiency of service.*

1. In a personal injury case against a railroad company, the
defendant moved to set aside the service of the declaration
on the ground that the person upon whom service was made
was not an agent or officer of the defendant company upon
whom process could be served so as to bind the defendant.
At the time set for the hearing of the motion, the plaintiff
demanded an issue, the form of which he tendered to the
court.    Defendant's counsel thereupon asked for the same
time in which to plead or demur as he would be entitled to
in case of the service of a declaration.    This request was
refused, but the court continued the hearing over two days
for that purpose, at the expiration of which time the court,
upon motion of plaintiff and against the defendant's objec-
tion, entered an order framing an issue, and, by consent of
counsel for both parties, the issue thus framed was set for

trial before the court for a day five days later. The defend-ant excepted to this direction, except as to the waiver of a jury and the time of trial. And it is held that the case is ruled by *Haywood v. Johnson*, 41 Mich. 605, where it was said that, "instead of proceeding to raise an issue by the formal and somewhat dilatory course by pleading, it is per-fectly admissible for the court, in case the plaintiff wishes to control the point on an issue joined, to frame an issue on the basis of the motion, and then proceed without unnecessary delay to try it, and get a determination of the fact on the record, with the same effect as though the issue had been introduced by pleading."[1]

---

[1] SUGGESTION UPON THE RECORD, AND TRIAL OF ISSUE JOINED THEREON.

For statutory provisions, see How. Stat. §§ 7761–7763, 7766, 7767, which provide:

*a*—That "whenever a suggestion shall be made upon the record, or in any stage of the proceedings, in any cause, which the adverse party shall have a right to controvert, a copy of such suggestion shall be served upon the adverse party or his attorney, in the same manner as other pleadings, and such party may plead thereto, according to the practice of the court, in the same manner, and within the same time, as to a declaration."

*b*—That "if an issue of fact be joined upon any such sugges-tion, the same shall be tried, and judgment rendered thereon, as on other issues."

*c*—That "the party making such suggestion may be nonsuited, and may have judgment of *non pros.* or discontinuance entered against him, for the same causes, and in the same cases, as in suits at law."

*d*—That "when there shall be a motion or other proceeding in any court of record, in which it shall be necessary for either party to have the deposition of any witness who shall have re-fused voluntarily to make his deposition, the court may direct a commission to be issued to one or more persons, inhabitants of the county in which such witness resides, to take his testimony."

*e*—That "such witness may be subpoenaed to attend and testify before such commissioners in the same manner as before referees, and with the like effect, and obedience to such subpoena shall be enforced in the same manner."

### Illustrative Cases.

1. *Stringer v. Dean*, 61 Mich. 196, where plaintiff recovered a judgment in a suit commenced by attachment, defendant being published in for want of personal service. On May 5 thereafter the

2. 3 How. Stat. § 8137, which provides that a summons or a copy of the declaration in any suit against a corporation shall be served on the presiding officer, cashier, secretary, or treasurer, or any other officer or agent of such corporation, and 3 How. Stat. § 8147, which provides for the service of process in suits against railroad companies upon any station agent or ticket agent at any station or depot along the line or at the end of the railroad of such company, both apply to the service of

---

defendant moved the court to set aside the judgment and quash the writ of attachment, on the ground, among others, that, as the affidavit failed to show that either of the parties resided in the county where the suit was commenced, it should have shown that the defendant was a non-resident of the State, or that he had no property in the county where he resided subject to attachment. In support of said motion the defendant filed an affidavit showing that both he and the plaintiff were residents of another county than that in which the suit was brought, and that at the time of the commencement of the suit he was possessed of personal property subject to attachment in the county where he resided. An order was made giving the defendant until May 22 to file a further affidavit in support of the motion, and giving the plaintiff until June 4 to file counter-affidavits, or, at his election, frame an issue under the statute. Defendant complied with the order, and on September 11 plaintiff elected in writing to frame an issue, and served notice of such election on defendant's attorney, and on September 14 entered a motion for leave to frame an issue to try the question of defendant's possession of personal property as averred in his affidavit, excusing his laches because of his inability to find any statute under which to frame such issue. And it was held that, unless some jurisdictional defect appeared upon the face of the proceedings, the plaintiff was entitled to frame an issue under his motion, and contest the questions raised, outside of the record, and at his election try the same before a jury, and that his delay in making his election under the order did not deprive him of such right.

2. *Muskegon Booming Company v. Circuit Judge*, 97 Mich. 622, where plaintiffs, after entering a motion for a new trial, and after noticing the motion for hearing, presented a petition to the court, setting forth said facts, and averring that for the purposes of the motion it was necessary to have the deposition of a certain employé of the defendant who had refused voluntarily to make his deposition in that behalf, and praying that a commission be issued to take said deposition. An order was made that a commission issue. The defendant applied for *mandamus* to vacate the order, and the application was denied.

process upon railroad companies, it being intended by section 8137 to extend, rather than restrict, such service.[1]

*Certiorari* to St. Clair. (Vance, J.) Argued October 12, 1894. Decided December 7, 1894.

Defendant brings *certiorari* to review an order denying a motion to quash the service of a declaration. Affirmed. The facts are stated in the opinion.

*Atkinson & Wolcott,* for petitioner.

*Chadwick & McIlwain,* for plaintiff.

LONG, J. This controversy arises over the sufficiency of the service of the declaration by which suit was commenced upon the defendant company, and the rulings of the court in framing an issue to determine the force of such service. Defendant entered a motion to quash the service on the ground that one F. C. Kenney, upon whom the service was made, was not an agent or officer of the defendant company upon whom process could be served which would bind the defendant. On the hearing of this motion the plaintiff demanded an issue, and tendered the form of such issue to the court. Thereupon the defendant's counsel requested that he be allowed the same time to plead or demur as he would be entitled to in case of service of declaration. This was denied, but the court continued the hearing for three days for that purpose, at which time the court, against defendant's objection, framed the issue as follows:

---

[1] For cases bearing upon the question of who. is an officer or agent, within the meaning of the statutes authorizing the service of process in certain cases upon any "officer or agent" of a corporation, see *Kirby Carpenter Co. v. Trombley,* 101 Mich. 447, and note.

" Was F. C. Kenney, the person on whom the declaration filed in this cause was served, such an officer, agent, or employé of the defendant, or so connected with its business, on January 26, 1894, as that service could be made on him, and bind the defendant, under the laws of this State?"

This issue, which seems to have been consented to by plaintiff's counsel, was set for hearing before the court for a day five days thereafter.

This ruling of the court in framing the issue, and refusing the request for time to plead or demur, raises the first question presented, but we think the case ruled by *Haywood v. Johnson*, 41 Mich. 605, in which it was said that,—

"Instead of proceeding to raise an issue by the formal and somewhat dilatory course by pleading, it was perfectly admissible for the court, in case the plaintiff wished to control the point on an issue joined, to frame an issue on the basis of the motion, and then proceed without unnecessary delay to try it, and get a determination of the fact on the record, with the same effect as though the issue had been introduced by pleading."

The issue thus framed was heard before the court. Mr. Kenney was sworn as a witness, and from his testimony the court made a finding as follows:

"It is my conclusion from the testimony that Kenney was the representative of the tunnel company, in charge of its business at this point; that he had charge of and managed all passenger and freight business, including the running of trains through the tunnel; that he had control of and directed the running of all trains on the American side, west to the Grand Trunk Junction, about three miles west from St. Clair river, and about two miles west of the tunnel portal, and about one and a half miles west of the tunnel station; that he was in charge of all the tunnel company's business and property at that point, and was the person highest in authority there and in St. Clair county; that he had charge of the tunnel yards, kept the pay roll, and was himself on the pay roll of the defendant company; that he was jointly paid by the C. & G. T. Ry.

Co., the G. T. Ry. Co., and the tunnel company, and his salary and office expenses were paid one-third by each; that he was directly responsible to the general superintendent, located at Montreal, for his action; that his jurisdiction extended over the property and management of the business of the tunnel company, both on the American and Canadian sides of the St. Clair river; that he issued passes through the tunnel; that he issued orders in his own name in reference to the tunnel company's business, when necessary. It was not claimed on the argument, but was treated as a conceded fact, that neither the presiding officer, secretary, treasurer, nor cashier of the defendant company lived in St. Clair county.

"From these and other facts shown by the testimony, it is my conclusion that he represented the general superintendent at this point, and was such an agent as is contemplated by section 8137, 3 How. Stat., on whom service could be made."

The testimony of Mr. Kenney warrants the findings of fact made by the court, and the only question which can arise is whether Mr. Kenney, under the facts found, was such an agent as provided by 3 How. Stat. § 8137, upon whom process could be served. This section provides:

"Suits against corporations may be commenced by writs of summons or by declaration in the same manner that personal actions may be commenced against individuals, and such writ or a copy of such declaration in any suit against a corporation shall be served on the presiding officer, cashier, secretary, or treasurer, or any other officer or agent of such corporation, or by leaving the same at the banking house or office of such corporation, and may be served in any county in the State where the plaintiff resides: *Provided,* that in any county of the State where said plaintiff may reside, other than the one wherein the principal office of such corporation may be located, a writ of attachment may be the first process against such corporation, which shall be served in the same manner as other writs of attachment issuing out of the court wherein suit is commenced; and, upon the return of such service being made, such corporation shall be deemed to be in court, and the like proceedings, as near as may be, shall be thereupon had as in cases of suits against indi-

viduals.    *    *    *    *Provided further,* that the attachment proceedings as herein provided for shall not apply to railroad companies or corporations whose right of way, or any part of the same, is within the boundaries of the State of Michigan, nor to navigation companies or corporations."

It is contended by counsel for defendant that this act does not apply to railroad companies as to service of process, but that 3 How. Stat. § 8147, makes the only provision for the service of process upon railroad companies. That section provides:

"Whenever in any suit or proceeding, either in law or equity, it shall become necessary to serve any process, notice, or writing upon any railroad company in this State, it shall be sufficient to serve the same upon any station agent or ticket agent at any station or depot along the line or at the end of the railroad of such company; and such service shall be deemed as good and effectual as if made on the officers, stockholders, or members, or either of them, of such company."

The court below held that section 8137 did not repeal section 8147, as was contended by plaintiff's counsel. In this construction, counsel for defendant agree with the learned circuit judge, but contend that the words, "or any other officer or agent of such corporation," contained in section 8137, have no application to railroad companies. We cannot agree with this contention. That section evidently was intended to apply to railroad companies as well as to other corporations. If it were not so intended by the Legislature, it is difficult to conceive why the section should provide that the attachment proceedings authorized by it should not apply to railroad companies. We see no difficulty in sustaining the two sections, and applying each to the service of process upon railroad companies. Section 8137 was intended to extend, rather than restrict, such service. Counsel, in their briefs, have gone into the history of the various enactments providing for service of

process upon corporations, but we think section 8137 too plain to need further discussion. The court below was right in holding the service good.

Some question is raised whether *certiorari* was the proper remedy, but we have concluded to dispose of the case on its merits, without regard to that question.

The order below is affirmed.

The other Justices concurred.