THOMSON v. McMORRAN MILLING CO.

1. RAILROADS—TRANSFER OF PROPERTY—SERVICE OF PROCESS— AGENTS.

In a legal proceeding against a railroad company which has sold all its property to another company, service of process upon a ticket agent of the purchasing company does not confer jurisdiction, though the agent was formerly ticket agent for the defendant.

2. SAME.

The provisions of the statute (2 Comp. Laws, §§ 6255, 6340) that,

when a railroad company conveys its property to another corporation, the rights of pre-existing creditors shall not be prejudiced, and "all rights of creditors shall be preserved unimpaired, and the respective corporations shall continue to exist so far as may be necessary to enforce the same," do not authorize process in a suit against the selling company to be served on an agent of the purchasing company.

3. MOTION TO STRIKE—APPEARANCE.

A motion to strike from the files a suggestion of claim for *mesne* profits in an action of ejectment, for want of service and insufficiency, is not equivalent to an appearance, and a waiver of a want of service.

*Certiorari* to St. Clair; Thomas, J. Submitted October 8, 1902. (Docket No. 23.) Decided April 7, 1903.

Ejectment by John W. Thomson, Jr., and Kate V. Calder against the McMorran Milling Company, the Chicago & Grand Trunk Railway Company, and the Flint & Pere Marquette Railroad Company. Plaintiffs had judgment against defendant Flint & Pere Marquette Railroad Company, and filed a suggestion of claim for *mesne* profits. From an order granting a motion to quash the service and strike from the files the suggestion of claim, plaintiffs bring *certiorari*. Affirmed.

*John B. McIlwain*, for appellants.

*Frederick W. Stevens (Charles McPherson,* of counsel), for appellee Flint & Pere Marquette Railroad Co.

HOOKER, C. J. On January 27, 1899, the plaintiffs obtained a judgment in ejectment against the Flint & Pere Marquette Railroad Company, a corporation, impleaded with two other corporations, who recovered against the plaintiffs. The plaintiffs took a writ of error, and the case is now pending in this court. On January 1, 1900, the Flint & Pere Marquette Railroad Company transferred all of its franchises and railroad property to the Pere Marquette Railroad Company, a new corporation organized to purchase this and other railroad property. On January

8, 1900, the plaintiffs filed a suggestion of damages, and served a copy on defendant's attorneys in the ejectment case. No rule to plead was entered at that time. On December 6, 1901, a rule to plead was entered, and a copy of the suggestion, with notice of the rule, was served upon one Stewart, the ticket agent at Port Huron of the Pere Marquette Railroad Company, who had been ticket agent at the same place for the Flint & Pere Marquette Railroad Company prior to the transfer, but had been in no sense its agent afterwards.

. The appearance of the defendant was special, for the purpose of moving the court for an order striking from the files the document filed on January 8, 1900, and purporting to be a suggestion of a claim for rents and profits, for use and occupation, and for an order setting aside the service of a copy of such suggestion made upon Stewart on December 6, 1901, upon the following grounds, viz.:

1. Because the suggestion was not filed within one year after the docketing of the judgment.

2. Because no rule to plead was entered at the time of filing the suggestion, or within one year after docketing the judgment.

3. Because a copy of such suggestion, together with a notice of the rule to plead, was not served upon the defendant within a year from the time of docketing the judgment.

4. Because C. A. Stewart, upon whom the papers were served, was not then an agent of the Flint & Pere Marquette Railroad Company, nor a station agent of said company, nor was he in any way authorized to receive such notice or service for the defendant.

This motion purports to be based on the records and files of said cause, and affidavits filed with the motion, which affidavits pertain to Stewart's relation to the defendant company.

The motion has a double aspect: (1) It is designed to quash the service, and in that respect is similar to a plea to the jurisdiction; (2) it attacks the sufficiency of the suggestion, which it says is "in the nature of a declara-

tion," and in this respect it may be said to be akin to a demurrer. The plaintiffs' counsel seems to have recognized this, and replied with an averment that the suggestion is sufficient in law, and prays for an issue of fact on the question of service. On the other hand, defendant's counsel claim that the filing of the suggestion within the time prescribed by statute is jurisdictional, and apparently raised the question upon the ground that the court has no jurisdiction of the subject-matter, and not to question the sufficiency of the paper as a pleading.

The proposed issues were as follows:

"1. Whether said service was made upon any station agent or ticket agent at the station or depot along the line or at the end of said defendant's railroad line, or on any other officer or agent, or acting officer or agent, of said defendant.

"2. That said defendant, the Flint & Pere Marquette Railroad Company, be required to show whether since the 1st of January, 1900, it has any agent or acting agent, officer, cashier, secretary, treasurer, or any station or ticket agent, in the city of Port Huron or in St. Clair county, or any person who is acting in that capacity, as representing such officer, agent, ticket or station agent.

"3. Whether the Flint & Pere Marquette Railroad Company, about January 1, 1900, became consolidated, under the statute, with other connecting railroad companies under the name of the Pere Marquette Railroad Company, a corporation, who entered into the possession and control of all the properties, rights, and franchises of the said Flint & Pere Marquette Railroad Company.

"4. Whether a writ of error was taken out by the plaintiffs against all of the defendants in the above-entitled cause, and service made upon all the defendants of notice of the issuing of the same, in accordance with the rules and practice of the court, and whether the return day of said writ of error has been extended by orders of the circuit court of St. Clair county until January 1, 1902.

"5. Whether on the filing of the suggestion of damages January 8, 1900, a copy thereof was served upon the firm of Atkinson & Wolcott, attorneys for the said Flint & Pere Marquette Railroad Company in the above cause.

"6. Whether proof of service of the notice of issuing of

the writ of error was duly filed in accordance with the rules and practice of the court."

The defendant's counsel thereupon filed its consent to the first question, with a proposed modification, and alleged that the others were immaterial.

After hearing counsel, the court settled issues as follows:

"1. Was C. A. Stewart, the person on whom the suggestion of damages filed in this cause was served, such an officer, agent, or employé of the defendant, or so connected with its business, on December 6, 1901, as that service could be made on him, and bind the defendant, under the laws of this State?

"2. Whether a writ of error was taken out by the plaintiffs against all of the defendants in the above-entitled cause on January 26, 1900, returnable on the 7th day of March, 1900.

"3. Whether notice of the issuance of said writ of error was served upon all of the defendants in accordance with the rules and practice of court.

"4. Whether proof of service of the notice of the issuance of the writ of error was duly filed with the clerk of the Supreme Court in accordance with the rules and practice of the court.

"5. Whether the return day of the writ of error has been duly extended from time to time by orders of this court.

"6. Whether on the 8th day of January, 1900, a copy of the suggestion of damages filed in the above cause was served upon the firm of Atkinson & Wolcott, attorneys for said Flint & Pere Marquette Railroad Company."

Counsel for defendant took an exception. Counsel then produced testimony, and the court made a finding of fact and law as follows:

"*First.* That up to on or about the 1st day of January, 1900, the defendant the Flint & Pere Marquette Railroad Company had owned and operated a line of railroad extending into the city of Port Huron, county of St. Clair, and State of Michigan, and had a ticket office in the city of Port Huron, in said county, and that up to until the 1st day of January, 1900, one C. A. Stewart was employed

by and acted as a ticket agent of said defendant the Flint & Pere Marquette Railroad Company, and on that date said Stewart ceased to be an agent or to act for said railroad company or otherwise.

"*Second.* That on or about the 1st day of November, 1899, the Pere Marquette Railroad Company was incorporated, and in and by its articles of incorporation it recites as follows:

"'In carrying out the purpose of this incorporation, the company contemplates the purchase of the properties, the rights, privileges, and franchises of the Flint & Pere Marquette Railroad Company, the Detroit, Grand Rapids & Western Railroad Company, and the Chicago & West Michigan Railway Company, and the ownership and the operation of the railroads of said companies as part of the railroad above described.'

"*Third.* That on or about the 1st day of January, 1900, the defendant the Flint & Pere Marquette Railroad Company sold and transferred to the Pere Marquette Railroad Company, a distinct corporation, all its railroads and property, and that since the 1st day of January, 1900, the railroad and property formerly owned and operated by the Flint & Pere Marquette Railroad Company has been owned and operated by the Pere Marquette Railroad Company; the same being an entirely new corporation, composed of different stockholders from those constituting the Flint & Pere Marquette Railroad Company.

"*Fourth.* That C. A. Stewart, on whom the suggestion of damages filed in this case was served, was not an agent or officer of the defendant the Flint & Pere Marquette Railroad Company after the 1st day of January, 1900, and was not such an officer, agent, or employé of the defendant Flint & Pere Marquette Railroad Company, or so connected with its business, on December 6, 1901, as that service of the suggestion of damages filed in this cause could be made on him, and thereby bind the said defendant, under the laws of this State.

"*Fifth.* That on or before the 1st day of January, 1900, the defendant the Flint & Pere Marquette Railroad Company ceased to be the owner of a railroad, and that since that date the defendant the Flint & Pere Marquette Railroad Company has not at any time transacted a railroad business or operated a railroad.

"*Sixth.* That a writ of error has been sued out of the Supreme Court, and served upon all the defendants in

this cause, in accordance with the rules and practice of court.

"*Seventh.* That the writ of error was taken out by the plaintiffs in this cause against all the defendants therein on the 26th day of January, 1900, and returnable on the 19th day of March of the same year.

"*Eighth.* That proof of service of the notice of the issuance of the writ of error above mentioned was duly filed with the clerk of the Supreme Court in accordance with the rules and practice of court.

"*Ninth.* That the return day of said writ of error has been duly extended from time to time by the orders of this court until the 18th day of January, 1902.

"*Tenth.* I also found that the judgment was rendered in the circuit court in said cause on the 27th day of January, 1899, in favor of the plaintiffs against the defendant the Flint & Pere Marquette Railroad Company, and in favor of the other defendants, the McMorran Milling Company and the Chicago & Grand Trunk Railway Company, and against the plaintiffs; that on the 8th day of January, 1900, the plaintiffs filed a suggestion of a claim for *mesne* profits in this cause with the clerk of this court; that upon the filing of the same no rule to plead to such suggestion was entered.

"*Eleventh.* That on December 5, 1901, a rule to plead to such suggestion was entered in the common rule book of this court.

"*Twelfth.* That on the 6th day of December, 1901, a copy of the suggestion for *mesne* profits filed in this cause on January 8, 1900, was attempted to be served upon the defendant Flint & Pere Marquette Railroad Company, with a copy of the rule to plead thereto which had been entered on December 5, 1901, and notice of the entry of such rule to plead, by serving the same upon one C. A. Stewart, in the City of Port Huron, St. Clair county, Michigan; said Stewart then being the ticket agent of said Pere Marquette Railroad Company.

"Thereupon, due consideration thereof being had, the court doth find, as a matter of law, that there is no proper service made of such suggestion of *mesne* profits upon the defendant the Flint & Pere Marquette Railroad Company, such as would bind said defendant therein; and it doth therefore order that the motion be, and the same is hereby, sustained, and that the defendant the Flint & Pere Marquette Railroad Company do have an order of this court

striking from the files of this cause the document filed therein on the 8th day of January, A. D. 1900, purporting to be a suggestion of claim for rents and profits, being in the nature of a declaration filed against the Flint & Pere Marquette Railroad Company (erroneously named therein the Flint & Pere Marquette Railway Company) for use and occupation.

"And the court further orders that the service of a copy of such suggestion in the nature of a declaration made upon one C. A. Stewart on the 6th day of December, 1901, be, and the same is, quashed, and that an order to that effect be entered on the journal of this court.

"N. E. THOMAS,
"Circuit Judge.

"Dated this 21st day of January, 1902."

The formal order entered is as follows, after the caption and title:

"In this cause the motion to quash service and to strike from the files the suggestion for *mesne* profits came on to be heard, and after hearing Frank T. Wolcott, attorney for defendant F. & P. M. Ry. Co., in favor of, and John B. McIlwain, attorney for plaintiffs, in opposition to, it is ordered that said motion be, and the same is hereby, granted.

"N. E. THOMAS,
"Circuit Judge."

Thereupon a writ of *certiorari* was issued from this court. An assignment of errors appears in the record, which was attached to the return of the circuit judge, which is said to include the records, files, and testimony taken in which rulings and exceptions appear. The remedy by *certiorari* is not questioned by counsel.

The service did not confer jurisdiction over the person of defendant, for all relations between itself and its former station agent were severed. He was thereafter as much a stranger to it as any third person would be.

Counsel makes the claim that the new corporation is an agent for the old, under the statute providing for consolidation of railroad companies (2 Comp. Laws, §§ 6255, 6279, 6339, 6340), and that service was properly made under section 10468. He asserts that the provisions "that noth-

ing herein contained shall prejudice the rights of pre-existing creditors of the corporation from which such property and rights are purchased or leased," and "all rights of creditors  *  *  *  shall be and hereby are preserved unimpaired, and the respective corporations shall continue to exist so far as may be necessary to enforce the same," justify the claim that this service is sufficient.  We think otherwise.  That the transfer cut off plaintiffs' rights against the property of the Flint & Pere Marquette Railroad Company may or may not be true, but, as long as it is an existing corporation, it is entitled to have process served upon itself, rather than upon another, although there may be difficulty in serving process.  The Michigan cases cited, viz., *Gardner* v. *Smith,* 7 Mich. 410 (74 Am. Dec. 722); *Turner* v. *Tunnel Co.,* 102 Mich. 580 (61 N. W. 72); *Ryerson* v. *Wayne Circuit Judge,* 114 Mich. 352 (72 N. W. 131),—do not go so far as the contention in this case, and no case is cited in which a purchaser has been held to be an agent of the vendor for such purposes.

We are not convinced that the other point is well taken, but think that it should not be passed upon on this record. It is urged that, by raising that question, the defendant waived the question arising over the service.  It is clear that such was not the intent of defendant's counsel, and, if it be true that the court had jurisdiction over the subject-matter, the motion to strike the suggestion should not be treated as equivalent to an appearance.

The order of the learned circuit judge is affirmed, with costs, upon the ground that jurisdiction over the person was not obtained.

Moore, Grant, and Montgomery, JJ., concurred.