POLLOCK *v.* DETROIT UNITED RAILWAY.

1. CORPORATIONS—PROCESS—COMMENCEMENT OF ACTIONS—VENUE.
    A resident of Missaukee county, claiming to have been injured in Oakland county, into which defendant's electric railway lines extend, could institute an action in that county, where it maintained stations and ticket agents, though the principal place of business of the corporation was in the county of Wayne. 2 Comp. Laws, § 6454; 3 Comp. Laws, §§ 10022, 10468; Act No. 208, Pub. Acts 1901.

2. SAME—RESIDENCE—JURISDICTION.
    For purposes of jurisdiction the corporation is deemed a resident of any county where the road is operated or corporate powers exercised, and of each county where it has an office, agency, or agent for service of process.

Certiorari to Oakland; Smith, J.   Submitted November 21, 1911.   (Docket No. 60.)   Decided March 12, 1912.

Case by Robert Pollock against the Detroit United Railway for personal injuries.   Defendant filed a plea to the jurisdiction.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*James H. Lynch,* for appellant.
*Andrew L. Moore,* for appellee.

MOORE, C. J. The plaintiff is a resident of the county of Missaukee. The defendant is a corporation having its principal office in the city of Detroit. The defendant company owns and operates lines of electric cars, one of which runs through Oakland county, called the "Flint Division." On the 12th day of July, 1910, a collision of cars belonging to defendant occurred within the limits of Oakland county. Plaintiff claims he was injured in this collision, and brought suit in the circuit court for the county of Oakland. Service of process was had upon the agent of defendant company at Pontiac. The defendant interposed a plea, raising the question of the jurisdiction of the circuit court for the county of Oakland for the reason that, as neither the plaintiff nor the defendant was a resident of Oakland county, the circuit court for the county had no jurisdiction. The return of the circuit judge states that the city of Pontiac, Oakland county, is the terminus of the Detroit United Railway Companies lines, and that an assistant division superintendent is stationed at Pontiac, that a station is maintained at Pontiac, where tickets are sold, and a station where freight is received and unloaded. Counsel are agreed that "the only question involved in this case is the determination whether, under the state of facts above outlined, the circuit court for the county of Oakland has jurisdiction to try this case."

Section 2, art. 12, of the Constitution, provides:

"All corporations shall have the right to sue and be subject to be sued in all courts in like cases, as natural persons."

The contention of counsel for appellant is as follows:

"This constitutional language, it seems to me, is very plain, and places corporations and natural persons in exactly the same class, and that no extraordinary privileges are granted to corporations, neither are they to be shorn of any rights which belong to natural persons.

"The second subdivision of section 10216 of the Compiled Laws of 1897 reads as follows:

"'Actions of slander, for libels, and all other actions for wrongs,

and upon contracts, shall be tried in the county where one of the parties shall reside at the time of commencing such action, unless the court shall deem it necessary for the convenience of parties and their witnesses, or the purposes of a fair and impartial trial, to order any such issues to be tried in some other county; in which case the same shall be tried in the county so designated.' "

His contention is that the foregoing provisions are not changed by the provisions of sections 10022, 10468, 3 Comp. Laws, and Act No. 208, Pub. Acts 1901. We quote further from the brief:

"The foregoing contains all the statutory provisions bearing upon the question raised in this case. It will be noted that in sections 10468 and 10022 there is no reference to the residence of the corporations. Nor is there any expression from which an inference can fairly be drawn that there is any intent to change the rule of law as laid down in section 10216 to the residence of parties. Corporations, like individuals, must have some place of residence or domicile. A corporation, as a body, is entirely distinct from the individuals composing it. The individual stockholders may live in any or all parts of the world, but a corporation cannot be permitted to be a peregrinating body. It must, like an individual, have a fixed place of residence where it can be found. This is for the interest of those who may wish to deal with the corporation, and, if necessary, to sue it. It must follow that that residence, having been fixed, remains there, and cannot and does not change to suit the whim or convenience of individuals who may care to institute proceedings remote from its place of residence. It has the same rights in this particular as natural persons, under the provisions of our Constitution."

On the part of the plaintiff it is insisted that the rule which applies to individuals that suit must be brought in the county where one of the parties resides does not apply to suits against steam or electric railways. Neither of the counsel is able to call our attention to a case where the precise question involved here has been passed upon by this court. It becomes important, therefore, to carefully consider the statutory provisions. Sufficient has already been quoted from section 10216. Chapter 168, 2 Comp.

Laws, provides for the incorporation of street railway companies. Section 4 of that chapter (section 6437, 2 Comp. Laws) contains the following:

"Said articles of association may be filed in the office of the secretary of State and thereupon all persons who have subscribed the same and all persons who shall from time to time become stockholders in such company shall be a body politic and corporate by the name specified in such articles and by such name shall be capable of suing and being sued in any court of this State."

Section 6448, 2 Comp. Laws, authorizes the purchase and operation of other street railways. Section 6454, 2 Comp. Laws, reads:

"Service of every summons, notice, declaration or other legal process may be made on any street railway company by leaving a copy thereof at the business office of the company, with any person in charge thereof, or by leaving such copy with any director or officer of the company in the county where the road of such company is located."

Section 10468, 3 Comp. Laws, reads in part as follows:

"Suits against corporations may be commenced by writs of summons or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ or a copy of such declaration in any suit against a corporation shall be served on the presiding officer, cashier, secretary or treasurer, or any other officer or agent of such corporation, or by leaving the same at the banking house or office of such corporation, and may be served in any county in the State where the plaintiff resides."

It was held in *Turner* v. *Tunnel Co.*, 102 Mich. 574 (61 N. W. 72), that section 10022, 3 Comp. Laws, was supplemental to section 10468, and was intended to facilitate service on domestic corporations. Section 10022 reads as follows:

"Be it enacted by the senate and house of representatives of the State of Michigan, that whenever in any suit or proceeding either in law or equity, it shall become necessary to serve any process, notice, or writing upon any railroad company in this State, it shall be sufficient to

serve the same upon any station agent, or ticket agent at any station or depot along the line, or at the end of the railroad of such company, and such service shall be deemed as good and effectual as if made on the officers, stockholders, or members, or either of them, of such company."

Section 6454, 2 Comp. Laws, is supplemented by the provisions of Act No. 208, Pub. Acts 1901, which read as follows:

"Whenever in any suit or proceedings, either in law or equity, it shall become necessary to serve any process, notice or writing upon any corporation owning or operating any interurban electric railway in the State of Michigan, it shall be sufficient to serve the same upon any station agent, or ticket agent, at any station or depot along the line of or at the end of the railroad of such company, or upon any conductor upon any of the cars of such company along the line of or at the end of the railroad of such company, and such service shall be deemed as good and effectual as if made on the officers, stockholders or members, or either of them, of such company: *Provided*, that the modes of service herein provided for shall be in addition to those already in existence: *And provided further*, that the provision for service upon conductors of electric railways shall not apply to conductors on electric railways operating within the limits of incorporated cities."

While, as before stated, this court has not passed upon the question, a like question has been before other jurisdictions. In speaking of railroad corporations in the text of 23 Am. & Eng. Enc. Law (2d Ed.), p. 679, the following language is used:

"The residence of the corporation is in the State where it was created, irrespective of the residence of the corporators. For purposes of jurisdiction the corporation is deemed a resident of any county where the road is operated or corporate powers exercised, and in each county where it has an office, agency, or agent for services of process"—citing in notes a very large number of cases.

See *United States* v. *Railroad Co.* (C. C.), 49 Fed. 297; *The People* v. *Fredericks*, 48 Barb. (N. Y.) 173; *Schoch* v. *Railroad Co.*, 55 Minn. 479 (57 N. W. 208).

In *Smith* v. *Assurance Society*, 159 Mich. 167 (123 N. W. 588), Justice MONTGOMERY, speaking for the court, said:

"As a general rule, transitory actions must be brought in the county where service of process must be had, which is usually, although not necessarily, the county of residence of the defendant. * * * The general rule and statutes relating to service of process fix jurisdiction, and undoubtedly the action might be brought in the county of plaintiff's residence or in any county where service might be had upon a duly authorized agent of the defendant."

When these provisions are all read and considered together, and the authorities we have cited are applied and are taken in connection with the work done by corporations like defendant, the inference is irresistible that, when one has a cause of action against such a corporation that may be tried in a circuit court, any circuit court of a county in which process may be served may take jurisdiction of that cause of action. Such a construction does not involve any hardship. Process can be served only where the defendant company is enjoying the privilege of its franchise, and is engaged in the business for which it was organized. The instant case is an illustration of the desirability of such a construction. The plaintiff lives in the northwestern part of the lower peninsula. The principal office of the defendant is in the extreme southeastern part of the State. The cause of action, if any, arose in Oakland county. It is fair to assume that the witnesses reside in that county. It would be impossible for the plaintiff to serve process in the county where he lives because the defendant is not in the exercise of any of its franchise rights in that county. It would seem to be desirable, from every point of view, to have the case tried in the county where the occurrence happened that gave rise to the cause. We have no doubt the circuit court for Oakland county has jurisdiction to try the case.

Judgment is affirmed.

STEERE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.