LYON v. BALDWIN.

LYON v. STATE BANK OF CARSON CITY.

1. GARNISHMENT—APPEARANCE—MOTION—WRIT—APPEAL.
    By entering a motion to set aside the return of service of a writ of garnishment, the defendant is not precluded from questioning the return of service of the officer, on appeal, the appearance being a special one.

2. SAME—ISSUE OF FACT—EVIDENCE.
    Where the garnishee moved to set aside the return of the officer, relying upon the affidavit of its cashier disputing the return, but did not request to have an issue of fact framed, the determination of the question by the trial court, if supported by evidence, will not be disturbed, on appeal.

3. SAME.
    An order of the court amending the return to conform to the officer's affidavit is not a nullity, and the service cannot be set aside merely because the copy delivered omitted date and signature of the clerk.

Error to Montcalm; Davis, J. Submitted October 10, 1916. (Docket No. 93.) Decided December 21, 1916.

Garnishment proceedings by Edward D. Lyon and another against the State Bank of Carson City, as garnishee defendant of Harriet A. Baldwin and another. From an order denying a motion to set aside a default judgment for want of proper service of the writ, said garnishee defendant brings error. Affirmed.

*Hawley & Eldred*, for appellant.

*A. B. Goodwin* and *Edwin H. Lyon*, for appellee.

OSTRANDER, J. On December 22, 1913, an order entering the appearance of the garnishee defendant and its default for want of a disclosure was entered. The

garnishee defendant moved the court January 2, 1914, for an order setting aside the default because of the alleged defective service of the writ. The motion was denied. A motion to set aside the return of service of the writ was made, based on the files and records in the cause and upon the affidavit of the cashier of the garnishee defendant, which, coming on to be heard, was denied. No other or further appearance of the garnishee defendant was entered. On March 30, 1915, another order defaulting said defendant was entered, and on March 6, 1916, judgment was rendered against the garnishee defendant. The question presented is whether there was a lawful service of the writ upon the garnishee defendant.

Being of opinion that appellant's appearance must be regarded as special, and that the question involves the jurisdiction of the court to render judgment, appellant is not precluded from raising it on this appeal. *Thomson* v. *Milling Co.,* 132 Mich. 591, 599 (94 N. W. 188) ; *McCain* v. *Wayne Circuit Judge,* 187 Mich. 73 (153 N. W. 5) ; *Valley City Desk Co.* v. *Circuit Judge,* 139 Mich. 194 (102 N. W. 651). This is, in effect, a ruling that, when a garnishee defendant appears specially and moves to set aside the writ and its service because by the return of service jurisdiction does not appear, he may raise the point after judgment upon writ of error.

The service is said to be defective in two respects: One, the original writ was not shown to the person served; the other, the paper delivered to the person served was not a true copy of the original. The original return of the officer to the writ did not show a valid service of the writ. The return, upon motion and by order of the court, was twice amended, and as amended it shows a valid service, unless a defect in the copy of the writ which was left with the cashier of the garnishee defendant is fatal. The original,

tested as of October 3, 1913, is signed, "Nellie Taylor, Dept. Clerk." The purported copy delivered to the garnishee defendant did not contain a copy of this signature, and it lacked, also, the particular day of issue, namely, "3rd." The month, October, and the year were correctly stated in the paper delivered.

It is the contention of the appellant that the affidavit of the cashier, in which he deposes that he was not shown the original writ, stands undisputed, and what is said therein must be accepted as true. To the suggestion that the files and records, when contrasted with the said affidavit, disputes it, the appellant, in a reply brief, says that the motion and affidavit together were in the nature of a plea in abatement, and, if the court found an issue of fact presented, it was the duty of the court to require an issue to be framed.

The files and records, at the time the motion to set aside the return was heard, showed a return of the officer, from which it appeared that the original writ was shown to the person served. They showed further an affidavit of the officer in which he stated that he did show the original writ to the person served. The garnishee defendant did not plead in abatement, but, as has been stated, rested his motion to set aside the return upon the files and records and the affidavit of its cashier. The court did not refuse to try the question on motion and affidavits, as it did in *Sherrill* v. *Railway Co.*, 161 Mich. 495 (126 N. W. 830) (see *Daniels* v. *Railway Co.*, 163 Mich. 468, 470 [128 N. W. 797]), but decided the motion. Here, as in the cases referred to, the defendant is attacking jurisdiction for want of proper service of process. There was no suggestion, by the moving party, that an issue of fact ought to be framed (see *Stringer* v. *Dean*, 61 Mich. 196, 201 [27 N. W. 886]; *Caille Bros. Co.* v. *Circuit Judge*, 155 Mich. 480, 483 [120 N. W. 6]), but the court was asked to decide the questions presented

by the motion upon the showing made. The conclusion of the court is supported by evidence and will not be disturbed on this appeal.

The point, made in the reply brief of appellant, that the officer, and not the court, amends a return, which is based upon the fact that the last application to amend was in form made by the plaintiff and not by the officer, has not been overlooked. The application was based, in part, upon the affidavit of the officer. The effort, it must be presumed, was to secure a return of the officer according to the fact. Although the amendment was, in form, ordered by the court, it was an amendment corresponding with the affidavit of the officer and will not be held to be a nullity because of the manner in which it was made.

It seems to be agreed by counsel that there is no staute relating to proceedings in garnishment which expressly prescribes the method of serving the writ. The statute says that writs of summons shall be served by showing the original writ to the defendant and delivering to him a copy thereof. 3 Comp. Laws, § 9994 (3 Comp. Laws 1915, § 12424). Assuming that a good service of a writ of garnishment may be made by complying with the statute referred to, the remaining question is whether the service in this case was good notwithstanding the defects in the copy served.

The original writ was in proper form and bore the seal of the court. It was exhibited to the garnishee defendant. The purported copy left with him advised him that certain persons had begun an action against certain other persons, in a certain court; that an affidavit had been filed wherein it was stated, among other things, that the affiant had good reason to believe, and did, that the State Bank of Carson City, Mich., had property, money, etc., in its hands, or under its control, belonging to one of said defendants. It contained in form a command to make disclosure in writing, un-

der oath, on or before a day certain, and to pay no money and deliver no property to the said defendant. It concluded with the formula, "Witness the Hon. Frank D. M. Davis, Circuit Judge," etc., and the signature of the attorney for the plaintiff with words describing him as such.

It is the general rule that, if a statute prescribes a method for serving process, the method must be followed. In particular cases, in which a judgment was attacked collaterally, clerical errors, not confusing and not leaving in doubt the command of the writ, or its official character, have been disregarded or amended. The case of *Merrick* v. *Mayhue*, 40 Mich. 196, is such an one. And on direct attack it has many times been held that mere clerical mistakes and omissions in the original and in the copy served are not fatal. In *Millard* v. *Circuit Judge*, 107 Mich. 134 (64 N. W. 1046), the garnishee summons warned the agent and attorney of the plaintiff, who made the affidavit, thenceforth to pay no money to the principal defendant, instead of warning the garnishee defendant. The trial court held this to be a fatal defect and dismissed the proceeding, which was reinstated by this court, holding that there was an apparent clerical error, which could be amended.

"A writ otherwise regular is not absolutely null and void, because its date is blank and it is not signed by the clerk. Such writ is voidable, and may be avoided by a motion to quash it made by the defendant; but if not so avoided, or in some other manner, in the suit, and a judgment is rendered against the defendant by default on such writ, and such judgment is not set aside by motion to the court or by writ of error, it is valid and binding as a judgment." *Ambler* v. *Leach*, 15 W. Va. 677.

See, also, *Laidley's Adm'rs* v. *Bright's Adm'r*, 17 W. Va. 779. A copy of a summons, not dated, otherwise regular, was served. The omission was held to be a

clerical error, without prejudice to defendant. *Mayerson* v. *Cohen*, 123 App. Div. (N. Y.) 646 (108 N. Y. Supp. 59). In *Henderson* v. *Graham*, 84 N. C. 496, it appeared that the original summons was not signed by the clerk. Special appearance of defendant was entered and a motion made to dismiss the return. At the same time, the plaintiff moved to amend the summons by allowing the clerk to affix his signature. It was held that the amendment should have been permitted. Cases are cited, and some of them reviewed in the opinion of the court. In *Austin* v. *Insurance Co.*, 108 Mass. 338, the writ of summons used had been signed by a clerk of a court who had deceased and whose successor had been appointed before the writ was issued, the defendants entered a special appearance, and at the same time the plaintiff moved to amend the writ. It was held, after a review of the authorities, that the amendment should be permitted. The omission of the date of the issuance of a writ, otherwise regular, has been many times held not to be fatal; to be a mere form. *Lyle* v. *Longley*, 65 Tenn. 286; *Hawkes* v. *Inhabitants of Kennebeck*, 7 Mass. 461; *Nash* v. *Brophy*, 13 Metc. (Mass.) 476. So, also, if the seal of the court is omitted. *Sawyer* v. *Baker*, 3 Greenl. (Me.) 29, which cites authority also to the point that want of the clerk's signature to a judicial writ may be considered as an error of the court's own officer, open to correction. *Pepoon* v. *Jenkins*, Cole. & Cai. Cas. (N. Y.) 55. In *Rogers* v. *Farnham*, 25 N. H. 511, the copy of the summons bore no date, for which reason defendant demurred specially, and it was held that the suit ought not to abate. In *Collins* v. *Merriam*, 31 Vt. 622, the copy of the writ served did not contain the signature of the magistrate. Held, after judgment by default, that the service was not fatally defective. See, also, *Cochran* v. *Davis*, 20 Ga. 581.

The service of the writ which was made in the case at bar seems to have so impressed the garnishee de-fendant that it appeared in court, specially, it is true, and moved that the writ be quashed. It was duly informed by the original that the writ had issued, and the natural and necessary inference was that, by a mere clerical mistake, the date of issue and name of the clerk had been omitted from the copy. An examination of the original would have disclosed a mere mistake.

In my opinion, it must be held that a good service of the writ was made, and the judgment must be affirmed, with costs to appellees.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.