## JOHN STRINGER v. WILLIAM D. DEAN.

*Circuit court attachment—Affidavit for:—Sufficiently appears to have been made in plaintiff's behalf if affiant swears that he is his agent or attorney—Such is the legal inference—Good practice requires that plaintiff's name should be stated therein—Its omission will not invalidate proceedings if plaintiff is described "as named in the annexed writ" and both papers bear the same date—Affidavit is required to be annexed to writ before its delivery by clerk—Same rule does not apply in justice's court, where affidavit is filed with the justice, and must fully identify plaintiff—How. Stat. sec. 7986—Conditions of, need not be set forth in affidavit, except as covered by section 7987—Defendant may move to quash writ and vacate judgment for want of jurisdiction under section 7986—And support such motion by affidavits showing existence or non-existence of jurisdictional facts set forth in said section—In absence of jurisdictional defects on face of proceedings, plaintiff may frame an issue on facts alleged in affidavit—And may try same before a jury.*

1. Plaintiff recovered judgment, March 16, 1885, in the Tuscola county circuit court in attachment, defendant being published in for want of personal service. The affidavit was made by an alleged agent, who deposed "that he was the attorney for the plaintiff named in the annexed writ of attachment." On May 5, 1885, defendant moved to quash the writ and vacate the judgment because—

(a) The affidavit failed to state that it was made *in behalf* of the plaintiff;

(b) Or that *either* of the parties resided in Tuscola county, hence should have shown that defendant was a non-resident of the State, or that he had no property in Wayne county, his place of residence, subject to attachment.

Defendant filed an affidavit in support of his motion, showing that *both* parties were residents of Wayne county at the time the writ was issued, and that *he* was *then* possessed of personal property subject to attachment in *that* county. By consent he was given until May 22, 1885, to file a further affidavit in support of the motion, and plaintiff until June 4, 1885, to file counter-affidavits, or "to frame an issue *under the statute*," at his election. Defendant complied with the order, and on September 11, 1885, plaintiff elected in writing to frame an issue, and served notice thereof on defendant's attorney, who, on September 14, 1885, served notice of hearing of defendant's motion. On the same day, plaintiff's attorney, entered a motion for leave to frame an issue to try the question of defendant's possession of personal property as stated in his affidavits, excusing his laches because of his inability to find a *statutory* provision under which to frame such issue pursuant to said order. Both motions were heard

September 18, 1885, when defendant's was granted and plaintiff's denied.

*Held*, that defendant's notice of hearing was sufficient as to time, but—

*Held*, further, that unless some jurisdictional defect appeared upon the *face* of the proceedings, the plaintiff was entitled to frame an issue under his motion, and contest the questions raised, *outside* of the record: *Haywood v. Johnson*, 41 Mich. 605. (See note, p. 202.)

*Held*, further, that plaintiff's delay in making his election under the order did not deprive him of such *statutory* right.

2. An affidavit in attachment purporting to be made by an agent or attorney, who deposes " that he is the attorney for the plaintiff named in the annexed writ of attachment," sufficiently shows, by legal inference, that it is made in plaintiff's behalf.

3. Good practice requires that the *name* of the plaintiff be stated in an affidavit for attachment in the *circuit court*, but its omission will not invalidate the writ, where the two papers bear the same date. The affidavit *must* always be annexed to the writ *before* its delivery by the officer issuing the same, and sufficiently identifies the plaintiff by describing him as " named in the annexed writ of attachment." (See note, p. 201.)

4. Under How. Stat. § 7986, a plaintiff can only proceed in attachment where *one* of the parties resides in the county where suit is commenced, or the defendant has property in said county but *not* in the county where he resides, or is a non-resident of the State; but such conditions need *not* be set forth in the affidavit for attachment, except as embraced in How. Stat. § 7987, which prescribes what such affidavit shall contain.

5. A defendant in attachment may appear and move to quash the writ and vacate the judgment for want of jurisdiction under How. Stat. § 7986, and may support such motion by affidavits showing the existence or non-existence of the jurisdictional facts set forth in said section; and if the plaintiff desires to contest the facts relied upon by defendant as shown in such affidavits, he has the *right* to frame an issue, unless waived, and to try the same before a jury. *Haywood, v. Johnson*, 41 Mich. 605. (See note, p. 202.)

Error to Tuscola. (Wixson, J.) Argued April 8 and 9, 1886. Decided April 29, 1886.

Attachment. Plaintiff brings error. Reversed. The facts are stated in the opinion, and in head-note 1.

*T. W. Atwood*, for appellant:

The residence of the parties need not be stated in an affidavit for attachment under How. Stat. § 7987, which prescribes its requisites and does not require any such allegation.

The circuit court of Tuscola county is a court of *general* jurisdiction, and upon the attachment of defendant's property in Tuscola county, and due proof of publication under the statute, its jurisdiction attached, with full authority to render judgment in the suit without any showing as to the residence of the parties. Such jurisdiction depended on the *fact* of such *seizure*, and is presumed after regular service of process, either actual or substituted, until the contrary appears : *Grand Rapids, Newaygo & Lake Shore R. R. Co. v. Gray*, 38 Mich. 461 ; *Thompson v. Michigan Mutual Benefit Association*, 52 Id. 522.

Neither is it necessary for the affidavit to show that the defendant has no property in the county where he resides, where neither party is a resident of the county where suit is brought. Such allegation is not required by How. Stat. § 7987.

The affidavit sufficiently shows that it is made in behalf of the plaintiff : *Blaikie v. Griswold*, 10 Wis. 293.

The course that should be pursued in a case of this kind, where the defendant desires, after judgment, to raise any question of jurisdiction not appearing upon the face of the record, is to ask, upon proper showing, that the judgment be set aside, and for leave to defend. There is no doubt of the right of the defendant, upon proper showing, to have the judgment set aside, and after this is done any question as to want of jurisdiction could be raised by proper plea : *Loree v. Reeves*, 2 Mich. 134–8 ; *Hurlburt v. Reed*, 5 Id. 30 ; *Jennison v. Haire*, 29 Id. 219 ; *Jewell v. Lamoreaux*, 30 Id. 156 ; *Haywood v. Johnson*, 41 Id. 598–608.

*B. L. Ransford*, for defendant :

Defendant's affidavit shows that, at the time the writ was issued, both parties resided in Wayne county, Michigan, and that he had certain property liable to execution in said county.

How. Stat. § 7986, provides that creditors may proceed by attachment in the county where the creditors or debtor resides, if the debtor has property subject to attachment in said county ; and if not, or if he is a non-resident of the State, then in the circuit court of *any* county where his property may be found. Attachment proceedings are purely statutory, and the jurisdiction of the court depends upon the statute :

*Welles v. Detroit,* 2 Doug. 77–9 ; and in *Greenvault v. Farmers' & Mechanics' Bank,* Id. 508, it was held that the mode of proceeding is peculiar, and is special because limited to cases of absconding or non-resident debtors, and that there must be preliminary proof to authorize the issuing of the writ. Is it not equally a jurisdictional question when the statute limits the county in which the suit may be commenced? See, also, *Mathews v. Densmore,* 43 Mich. 461–5.

The affidavit fails to show the residence of either party, or that the defendant had no property subject to attachment in Wayne county, where he resided. The provisions of How. Stat. § 7986, are jurisdictional, and the affidavit should show upon its face the jurisdiction of the court to issue the writ : *Denison v. Smith,* 33 Mich. 157.

The affiant does not state that he makes the affidavit in behalf of the plaintiff : *Miller v. C., M. & St. P. R. R. Co.,* 58 Wis. 310 ; *Wiley v. Aultman,* 53 Id. 560.

Morse, J. This suit was commenced by writ of attachment in the circuit court for the county of Tuscola. No personal service of the writ was made upon the defendant, and the plaintiff proceeded to judgment before the defendant learned that suit had been instituted.

Judgment was rendered March 16, 1885. May 5, 1885, the defendant entered a special motion to set aside said judgment and quash the writ for alleged defects in the affidavit for the writ, and filed an affidavit in support of the motion, setting forth that at the date of the issuing of the writ the plaintiff and himself were both residents of Wayne county, and that he was possessed of personal property in Wayne county subject to levy by attachment.

His objections to the affidavit were—

1. That the plaintiff did not make the affidavit, nor was it stated therein that the person who made it did so on behalf of the plaintiff.

2. That the affidavit did not show that either of the parties was a resident of Tuscola county, and therefore should have set forth either that the defendant was a non-resident of the State, or that he had no property subject to attachment within the county where he resided, in order to give the court jurisdiction.

Upon the day noticed for the hearing of this motion, by

consent of parties in open court, an order was entered giving the defendant until the twenty-second day of May, 1885, to file a new affidavit in support of his motion, and the plaintiff twenty days from the fifteenth of May, 1885, in which to file counter-affidavits, or "to frame an issue under the statute," at his election.

Defendant filed a new affidavit on the twenty-second of May.

On the eleventh day of September, 1885, the plaintiff filed with the clerk of the court an election in writing to frame an issue according to said order, and on the same day served a notice of the same upon the attorney for the defendant.

Afterwards, and on the fourteenth day of September, 1885, the attorney for the defendant noticed his special motion for hearing upon the attorney for the plaintiff, the date for said hearing being September 18, 1885. The motion was heard, the judgment vacated, and the writ quashed upon that day. The plaintiff brings the action of the court before us for review upon exceptions.

It appears that, upon the same day the notice of hearing of the special motion was served upon him, the plaintiff's counsel entered a motion that he be granted leave to frame an issue to try the question whether the defendant was possessed of property situate in Wayne county subject to levy by attachment at the time of the issuing of the writ; that he had not framed an issue before, because he could find no provision in the statute under which to frame it, the order heretofore noted having specified that the issue should be framed under the statute.

This motion was heard at the same time as defendant's motion, and denied.

The plaintiff objects to the action of the court upon the ground that the notice of the special motion to quash the writ, under the circumstances, should have been the same as notice of trial, and served upon him fourteen days before hearing.

But, if it were proper to hear this motion without fram-

ing an issue as desired by the plaintiff, we think sufficient time elapsed between the service of the notice and the hearing.

We are of the opinion, however, that unless some defect appeared upon the face of the proceedings showing a want of jurisdiction to issue the writ or to enter judgment, the plaintiff was plainly entitled to frame an issue, and contest the questions raised, outside of the record. *Haywood v. Johnson,* 41 Mich. 605. And we do not think the plaintiff waived the right because of not proceeding sooner to take his election under the order.

The affidavit upon which the writ issued in this case was made and verified by T. W. Atwood, who deposed therein that he was the "attorney for the plaintiff named in the annexed writ of attachment."

It is claimed that he should have sworn that he made the affidavit in behalf of the plaintiff, and named him in the affidavit.

We do not think so. The statute requires that the affidavit should be made by "the plaintiff, or some person in his behalf." If the person executing the affidavit deposes that he is the agent or attorney of the plaintiff, it sufficiently appears, by legal inference, that it is made in his behalf: How. Stat. § 7987; *Nicolls v. Lawrence,* 30 Mich. 395–99. As the affidavit may also be made at the same time the writ is issued, and must always be annexed before the writ passes from the clerk's hands, and the affidavit in this cause bears the same date as the writ, there is a sufficient identification of the plaintiff without naming him in the affidavit, although such naming is no doubt the better practice. But the omission to do so does not invalidate the writ, or void the issue of it :[1] *Hubbardston Lumber Co. v. Covert,* 35 Mich. 262–3.

---

[1] The rule is the reverse in justice's court, where the statute requires the *filing* of the affidavit for attachment *with* the justice, *but not* its annexation to the writ. In the case of *Burnside v. Davis*, decided February 10, 1887 (Western Rep. vol. 8, p. 133), the party making the affidavit deposed that he was "one of the plaintiffs named in the annexed writ of attachment," but failed to further identify the plaintiffs, and the affidavit was *not* attached to the writ.

· *Held,* that the affidavit was *void* for failure to *identify* the plaintiffs.

The affidavit filed fails to state the residence of either the plaintiff or defendant. The defendant's counsel contends that the affidavit should upon its face show, under the statute, either that one of the parties resided in Tuscola county, or that the defendant had no property subject to attachment in the county where he resided, or was a non-resident of the State; that one of these facts was necessary to confer jurisdiction to issue the writ. How. Stat. § 7986.

Under the statute above cited, the plaintiff can only proceed in attachment in case one of the parties resides in the county, or the defendant has no property in the county where he resides and property in the county where suit is brought, or is a non-resident of the State.

We do not think it necessary to set forth in the affidavit at the commencement of the attachment proceedings anything more or further than is prescribed by the next section (How. Stat. § 7987), which provides what the affidavit shall contain. The affidavit filed in this cause contained all the material allegations required by the statute.

It is entirely proper, however, for the defendant to appear, as he did in this case, and move to set aside the judgment and quash the writ upon the ground of want of jurisdiction, by filing affidavits showing that the plaintiff, under section 7986, had no right to proceed in attachment (*Haywood v. Johnson*, 41 Mich. 605), and can base his motion upon affidavits so filed. But if the plaintiff desires to contest the facts relied upon in the affidavits to quash the proceedings, he has an undoubted right to the framing of an issue, unless he waives it, and to try the question before a jury if he chooses to do so.[1]

---

[1] How. Stat. § 7761.—" Whenever a suggestion shall be made upon the record, or in any stage of the proceedings in any cause, which the adverse party shall have a right to controvert, a copy of such suggestion shall be served upon the adverse party or his attorney, in the same manner as other pleadings, and such party may plead thereto, according to the practice of the court, in the same manner, and within the same time, as to a declaration."

How. Stat. § 7762.—" If an issue of fact be joined upon any such suggestion, the same shall be tried, and judgment rendered thereon, as on other issues."

How. Stat. § 7763.—" The party making such suggestion may be non-

The order of the court below in this case will be reversed and vacated, and the plaintiff must be given leave to frame an issue upon the matters of fact set forth in defendant's affidavit, and allowed a trial of such issue if he desires.

Costs of this Court will be awarded to the plaintiff.

The other Justices concurred.

---

suited, and may have judgment of *non pros.*, or discontinuance entered against him, for the same causes, and in the same cases as in suits at law."

How. Stat. § 7766.—"When there shall be a motion or other proceeding in any court of record, in which it shall be necessary for either party to have the deposition of any witness who shall have refused voluntarily to make his deposition, the court may direct a commission to be issued to one or more persons, inhabitants of the county in which such witness resides, to take his testimony."

How. Stat. § 7767.—"Such witness may be subpœnaed to attend and testify before such commissioners, in the same manner as before referees, and with the like effect; and obedience to such subpœna shall be enforced in the same manner."

See How. Stat. § 7379, as to manner of compelling attendance before referees, etc.