PETLEY *v.* WAYNE CIRCUIT JUDGE.

DEFAULT—MOTION TO SET ASIDE—LACHES—GARNISHEE DEFENDANT.
Circuit Court Rule No. 12, subd. *b*, which provides that a
default, duly entered after personal service, shall not be set
aside unless on application made within six months after
such service, precludes the circuit judge from setting aside
the default of a garnishee defendant after such period has
elapsed, though it appear that the defaulted party is a for-
eigner, and did not understand the process served.

*Mandamus* by Robert S. Petley to compel William L.
Carpenter, circuit judge of Wayne county, to vacate an
order setting aside a default. Submitted April 11, 1900.
Writ granted May 2, 1900.

*Bowen, Douglas & Whiting,* for relator.

*W. W. Chapin,* for respondent.

MOORE, J. This is an application for *mandamus* re-
quiring the respondent to vacate an order setting aside a
default. The petition of the relator and the return of the
respondent show the following state of facts: In April,
1899, the relator commenced suit in the circuit court
against one Cowan, then a resident of Detroit, upon whom
process was served. Upon the same day a writ of gar-
nishment was issued, and personally served upon one
Chiera, also a resident of Detroit. The principal defend-
ant appeared, and pleaded to the declaration filed against
him. Chiera did not appear. The case was tried, and
a judgment obtained against the principal defendant.
Afterwards the default of the garnishee defendant was
entered, and in January, 1900, a judgment by default was
taken against him for the amount due from the principal
defendant and costs. An execution was issued against
Chiera. More than 21 days later it was returned by the

sheriff *nulla bona.* After this, Mr. Petley filed a judgment creditor's bill on the chancery side of the court, in which proceeding Chiera was made defendant, and process was served upon him. March 19, 1900, Mr. Chiera moved the court to vacate the judgment against him, and to set aside his default. This motion was based upon an affidavit in which Mr. Chiera claimed he was not familiar with the English language, and, though the process was served upon him, he supposed, from what was said by the deputy sheriff, that he did not have to give the matter any further attention, as he told the deputy sheriff he had nothing belonging to the principal defendant, and his claim now is that he did not have anything belonging to the principal defendant, and did not owe him. A countershowing was made, but we do not think it necessary to discuss the showing made upon the motion. The circuit judge vacated the judgment against Chiera, and set aside his default.

In doing this we think the judge exceeded his authority. The case falls within subdivision *b* of Circuit Court Rule No. 12, which provides that where personal service has been had upon a defendant, and proceedings taken after default on the strength thereof, default shall not be set aside unless application is made within six months after service. The case is unlike *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617 (82 N. W. 247), in which case default was improperly entered. In this case the default was duly entered. The purpose of the rule was to establish a time when the litigation should be finally ended. The case comes within the rule. The order made practically did away with the rule. If such a construction is to prevail, the rule had better be repealed.

The writ will issue as prayed.

The other Justices concurred.