CARPENTER *v.* JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

DEFAULT—PROCEEDINGS IN RELIANCE THEREON—ENTRY OF JUDGMENT—LIMITATIONS.

The entry of a judgment is the taking of a proceeding, within the meaning of Circuit Court Rule No. 12, subd. 6, which provides that when personal service has been had on a defendant, and proceedings taken after default on the strength thereof, the default shall not be set aside unless application is made within six months after service.

*Mandamus* by Frank L. Carpenter to compel Richard L. Newnham, judge of the superior court of Grand

Rapids, to vacate an order setting aside a default.   Submitted October 2, 1900.   Writ granted February 27, 1901.

*Frank L. Carpenter, in pro. per.*

*Bundy & Travis*, for respondent.

PER CURIAM.   This is an application for a *mandamus* to require the respondent to vacate an order setting aside a default entered against a garnishee defendant after the lapse of six months from the date of service of process. Default was entered on the 30th of March, followed by judgment on April 3d in favor of the plaintiff and against the garnishee defendant.   On the 25th of April a motion was made to set aside the default.

The case is admittedly ruled by *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14 (82 N. W. 666), provided it be held that, within the meaning of Cir. Ct. Rule No. 12, the entry of a judgment is "a proceeding taken after default on the strength thereof."   We think it must be held that the entry of a judgment is the taking of a proceeding, within the meaning of this rule, and the case therefore falls within the prior decisions of the court.

Writ will issue as prayed.