142 633
f155 313
155 483

BIENSTEADT v. CLINTON CIRCUIT JUDGE.

JUDGMENT BY DEFAULT — SETTING ASIDE — TIME FOR APPLICA-
TION.

> Under Circuit Court Rule No. 12, a default entered after per-
> sonal service cannot be set aside unless applicatior is made
> within six months after service.

Mandamus by John C. Biensteadt to compel George P.
Stone, circuit judge of Clinton county, to vacate an order
setting aside a judgment entered on default. Submitted
January 9, 1906. (Calendar No. 21,494.) Writ granted
January 23, 1906.

*William M. Smith*, for relator.

*Lyon & Moinet*, for respondent.

OSTRANDER, J. Declaration was personally served on
defendant and his default entered March 29, 1905. Judg-
ment for plaintiff followed. Motion to set aside judgment
and default and for an order restraining proceedings to
collect said judgment was presented to the court, and an
order staying proceedings made and the motion and ac-
companying papers filed with the clerk September 30,
1905. The notice of hearing said motion was served on
opposing counsel October 2d. On hearing, judgment and
default were set aside. On the application of relator,
plaintiff in said action, the writ of mandamus is issued to set
aside the order vacating said judgment and opening said
default because the application was not made within six
months after the default was entered. Circuit Court Rule
12; *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14;
*Carpenter* v. *Judge of Superior Court of Grand Rap-
ids*, 126 Mich. 8; *Jocque* v. *McRae*, ante, 370. The
contention of respondent that the matter should be gov-
erned by *Michigan Mut. Fire-Ins. Co.* v. *Wayne Cir-*

*cuit Judge*, 112 Mich. 270, *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 502, *Steel* v. *Clinton Circuit Judge*, 133 Mich. 695, and other like decisions, is denied, since the essential purpose of the rule is to set a limit to the time within which the court may act.

MCALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.