The decree is affirmed, with costs.

BLAIR, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.

---

ST. LOUIS HOOP & STAVE CO. *v.* WAYNE CIRCUIT JUDGE.

DEFAULTS—VACATION OF—RULES.

Under Chancery Rule 7, subd. *d*, an order vacating a decree and setting aside a default regularly entered, is unauthorized, where the application was not made within six months after such entry.

Mandamus by the St. Louis Hoop & Stave Company to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order setting aside a default. Sub-

mitted November 10, 1908. (Calendar No. 23,092.)
Writ granted January 4, 1909.

*Harry M. Lau*, for relator.

*Jonas B. Houck*, for respondent.

McALVAY, J. Relator filed a bill of complaint in the circuit court for Wayne county, in chancery, in the nature of a judgment creditor's bill and in aid of execution, against Elmer M. Danforth and his wife as defendants. Personal service of subpœna was had upon both defendants, who appeared by their solicitors and demanded a copy of the bill of complaint, which was duly furnished. The default of defendants was afterwards regularly entered. This default was opened by stipulation, and defendants given further time to plead, answer, or demur. Not having taken any steps in the case, defendants were again defaulted, January 10, 1908, and later a decree was granted complainant according to the prayer of the bill. All of the proceedings were regular, and solicitors for defendants were notified of every step taken. On September 16, 1908, more than six months after default was entered, an application was made to respondent, who heard said cause and granted the decree therein, to vacate said decree and set aside said default. This application was resisted on the ground that it could not be granted under Chancery Rule 7, subd. *d*. The application was granted and an order entered vacating the decree and setting aside the default of defendants. Relator moved respondent to set aside such order, and the motion was denied. The material provision of Chancery Rule 7, subd. *d*, is as follows:

" And in cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly entered."

This provision is identical with the provision in regard

to defaults in law cases contained in Circuit Court Rule 12, subd. *b* (131 Mich. xxxv), which has been considered by this court several times, and it has been held that in such cases an application to set aside a default must be made within six months after it is regularly entered. *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14; *Carpenter* v. *Judge of the Superior Court of Grand Rapids*, 126 Mich. 8; *Bienstadt* v. *Clinton Circuit Judge*, 142 Mich. 633.    There is no reason for a different construction of the chancery rule.    The writ of mandamus will issue as prayed because the application was not made within six months after the default was entered; the record showing that personal service was had, and proceedings were taken upon the strength of such default.

Another question presented need not be considered.

Blair, C. J., and Grant, Montgomery, and Ostrander, JJ., concurred.