CAILLE BROTHERS CO. *v.* SAGINAW CIRCUIT JUDGE.

1. GARNISHMENT—DEFAULT JUDGMENTS—SETTING ASIDE — RULES.
   Under Circuit Court Rule 12, a motion to set aside a default judgment in garnishment proceedings is properly denied when such motion is made more than six months after such default was regularly entered.

2. NEW TRIAL—MOTION—ISSUES OF FACT—FRAMING.
   Where, on a motion to set aside a judgment in garnishment proceedings, defendant, under sections 10402, 10403, 3 Comp. Laws, is entitled to frame issues of fact to be determined upon such motion, he should make application for the framing of such issues in such manner that plaintiff can prepare to meet them.

Mandamus by the Caille Brothers Company to compel Chauncey H. Gage, circuit judge of Saginaw county, to file findings of facts and of law. Submitted November 17, 1908. (Calendar No. 23,120.) Reargued December 29, 1908. Writ denied March 3, 1909.

*Jonathan Palmer, Jr.,* and *Elbridge F. Bacon* (*George W. Weadock* and *Russell B. Thayer*, of counsel), for relators.

*John A. McKay* (*Gray & Gray*, of counsel), for respondent.

GRANT, J. After the decision in *Bliss* v. *Caille Brothers Co.*, 149 Mich. 601, the motion was remanded to be heard before a qualified judge. The motion was duly heard and again denied. The defendants introduced affidavits as the basis of their motion. Counter affidavits were filed and some oral evidence taken. Counsel for the defendants requested a finding of facts and of law. The circuit judge refused to make a specific finding of facts, and the relator petitioned this court for the writ of mandamus to compel him to make such finding. We filed an

opinion on November 30, 1908, denying the writ. Shortly after, counsel for relator calling our attention to a decision which we had overlooked, that opinion was withheld, and counsel thereupon made a motion for a rehearing.

Our former opinion was based upon the theory that the statute for finding of facts did not apply to motions for new trials to set aside judgments. That was also the theory of the motion in the court below, of the petition for mandamus presented to this court, and of the original brief filed therein. Counsel in their original brief planted their right to relief upon sections 10260, 10261, 3 Comp. Laws. In a supplemental typewritten brief they cited *Stringer* v. *Dean*, 61 Mich. 196, wherein it was held that, upon a motion to set aside a judgment, a party was entitled to frame an issue under sections 10402, 10403, 3 Comp. Laws. That statute reads as follows:

" Whenever a suggestion shall be made upon the record, or in any stage of the proceedings in any cause, which the adverse party shall have a right to controvert, a copy of such suggestion shall be served upon the adverse party or his attorney, in the same manner as other pleadings, and such party may plead thereto, according to the practice of the court, in the same manner, and within the same time, as to a declaration.

" If an issue of fact be joined upon any such suggestion, the same shall be tried, and judgment rendered thereon, as on other issues."

In writing the former opinion, I overlooked the supplemental brief, probably because of the large number of papers in each of the three cases involving the same state of facts.

The principal suit is based upon joint promissory notes executed by Silas W. Tyler and Fred B. Tyler as copartners. Personal service was had upon Silas. Fred was a nonresident, and certain land was attached belonging to him, the attachment levied, and a proper return made by the sheriff that he had levied upon the land of Fred B. Tyler. Silas appeared and interposed as a defense the

statute of limitations and a discharge in bankruptcy, which defense was held to be valid. A copy of the affidavit for attachment, etc., was served upon Fred at his foreign residence. He did not appear. The sequence of the pertinent events is as follows: February 7, 1906, writ of garnishment, returnable February 27th; February 9, 1906, writ personally served; February 28, 1906, default for want of appearance; July 3, 1906, judgment in principal case; September 12, 1906, judgment in garnishment and issue of execution; September 13, 1906, execution levied upon property; November 27, 1906, motion to vacate judgment in garnishment; April 6, 1908, motion argued before respondent; October 5, 1908, motion denied.

The circuit judge returns that the relator did not appear in answer to the writ of garnishment; that the plaintiff recovered judgment against the principal defendant, Fred B. Tyler; that the proceedings in both the garnishment and principal suits were regular on their face. He denied the motion to set aside the judgment because (a) the application was not made within six months after personal service, as required by Circuit Court Rule 12 (131 Mich. xxxv), and therefore came too late; (b) that relator could not impeach the judgment in the principal case by contradicting the record collaterally on motion; (c) that certain correspondence, which passed between counsel for the plaintiff and the relator, did not mislead it into believing that no judgment would be rendered against it.

In refusing to make specific finding of facts and law, the court held that section 10261 (the statute then relied upon by relator) did not apply to motions of this character, but was limited to trial of cases by the court without a jury, and that relator did not present any points of law as provided by Circuit Court Rule 26. The judge in deciding the motion, filed a lengthy opinion setting forth the facts as he viewed them and his conclusion. In that opinion, which was made a part of the petition, it appears

that the relator in its affidavit did not deny that it was indebted to the principal defendant, or that it had money, property, or effects in its hands belonging to him, and that it did not appear that the relator would suffer pecuniary loss if the judgment was not set aside. Fred B. Tyler, one of the principal defendants, is not here complaining. For aught that appears upon the record he does not desire to defend the suit, as an opportunity was afforded him to do so. There are two fatal objections to relator's right to the writ:

1. Circuit Court Rule 12 (131 Mich. xxxv) provides that no default shall be set aside unless the application shall be made within six months after personal service. Where a default was set aside in violation of that rule, it was reversed by this court. *Biensteadt* v. *Clinton Circuit Judge*, 142 Mich. 633. That rule applies to judgments against garnishee defendants. *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14; *Carpenter* v. *Judge of Superior Court of Grand Rapids*, 126 Mich. 8.

2. If *Stringer* v. *Dean*, supra, is applicable to this case, the defendant has not complied with the practice there laid down. It made no application to frame issues of fact or of law to be tried by the court. Relator now claims that there were several issues of fact involved in this motion for a new trial. If it desired to raise them and have specific findings thereon, the plaintiffs were entitled to have them defined, so that they might have an opportunity to prepare to meet them.

These two objections being well taken, it becomes unnecessary to discuss any of the other questions raised.

The writ is denied.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.