ST. LOUIS HOOP & STAVE CO. *v.* DANFORTH.

1. EQUITY PLEADING AND PRACTICE—DEFAULT — EFFECT OF TAKING BILLS AS CONFESSED — NECESSITY OF PROOF — CREDITORS' SUITS—JUDGMENT CREDITORS' BILL.

   The effect of permitting a judgment creditor to take a bill of complaint as confessed for want of an answer, is to admit every averment in the pleading and to authorize a decree based thereon without requiring supporting proofs.

2. SAME—PRO CONFESSO DECREES — DEFAULTS—JUDGMENT CREDITORS' BILLS.

   A bill of complaint which avers that the defendant, a judgment debtor, caused certain of his property to be taken in the name of his wife although he furnished at least half of the consideration, merely warrants a decree upon the bill taken as confessed for the sale of half the property, without some evidence that a larger proportion of the consideration was furnished.

Appeal from Wayne; Donovan, J. Submitted January 20, 1910. (Docket No. 99.) Decided March 5, 1910.

Judgment creditor's bill and bill in aid of execution by the St. Louis Hoop & Stave Company against Elmer M. Danforth and Annettie Danforth. From a decree for complainant, defendants appeal. Modified and affirmed.

*Harry M. Lau* (*George M. Sayles,* of counsel), for complainant.

*Jonas B. Houck,* for defendants.

MOORE, J. November 14, 1902, the complainant sued the defendant Elmer M. Danforth, in the circuit court for Wayne county. Personal service was had, and on November 15, 1905, judgment was rendered in favor of the plaintiff for $792.67. January 16, 1903, complainant instituted another suit in said court against the said defend-

ant. Personal service was had, and on November 15, 1905, judgment was rendered in favor of the plaintiff for $689.01. Executions were issued on said judgments November 17, 1905, directed to the sheriff of Wayne county, Mich., in which said judgment debtor then resided; both executions were returned *nulla bona* December 9, 1905. December 11, 1905, alias executions were issued to the said sheriff of Wayne county, who on the same day levied both executions on certain real estate situated in Detroit, Mich., the record title to which stood in Elmer M. Danforth and Annettie Danforth. Notice of said levies was filed in the office of the register of deeds for Wayne county. Both of said alias executions remain in the hands of the sheriff unsatisfied. December 21, 1905, the complainant filed its bill of complaint in the above-entitled cause to reach equitable assets of defendant and appellant, Elmer M. Danforth, and to aid the levies aforesaid. Process was issued, and both defendants were duly served, and they respectively appeared through their solicitors, who were served with a copy of the bill of complaint January 25, 1906. Later both defendants were regularly defaulted for want of plea, answer, disclaimer, or demurrer. Later a decree was entered for the complainant, subjecting the property levied upon to the payment of the complainant's executions. September 16, 1908, defendants filed a petition to have said decree vacated and their default entered set aside, which was granted September 21, 1908. September 22, 1908, complainant moved to vacate the order of September 21, 1908, which motion was denied October 3, 1908, and on January 4, 1909, said order of September 21, 1908, was vacated by writ of mandamus issued from the Supreme Court of the State of Michigan. See *St. Louis Hoop & Stave Co.* v. *Wayne Circuit Judge*, 155 Mich. 311 (118 N. W. 989). January 12, 1909, the decree of the court was enrolled. The case is brought here by appeal.

The contention of defendant, as stated in the briefs, is:

"The complainant seems to think that the defendants are asking to be allowed to reopen the case and allow them to

defend, but such is not our claim. The defendants claim that the decree of the circuit court should be reversed, and a decree entered in this court dismissing the bill of complaint, because:

"(1) The bill is not one in aid of execution, but a judgment creditor's bill, and the complainant has offered no proof to sustain the decree.

"(2) The bill not being one in aid of execution, and the burden of proof being upon the complainant, it must therefore establish its case by sufficient pleadings and evidence to sustain the decree, and this it has not done because:   *   *   *"

The trouble with this contention is that complainant sets out in its bill of complaint all the facts above stated, and many others, among them being the averment:

"*Fourteenth.* Your orator further shows that after the indebtedness upon which the said several judgments were rendered had accrued, to wit, on the 6th day of December, 1900, said Elmer M. Danforth purchased from Henry A. Macomb and William Stanton, executors of the last will and testament of Mary E. Macomb, deceased, and Stephen K. Stanton, William Stanton and Louise Stanton, his wife, Robert L. Stanton and Grace Stanton, his wife, and De Lagnel Berier the premises described in paragraph 7 herein for the consideration of $2,375; that with the purpose and intention of defrauding your orator and his other creditors, and for the purpose of hindering and delaying your orator in the collection of its just claims, and to prevent a levy and sale of said premises under and by virtue of said writs of *fieri facias,* the said Elmer M. Danforth procured and obtained a deed of said premises to be made and delivered to himself and his wife, Annettie Danforth, defendant herein, and that the consideration therein mentioned, or at least one-half of said consideration, was paid by the said Elmer M. Danforth, and that the said Elmer M. Danforth is the owner of at least one-half of said premises."

Among the things asked for in the prayer was the following:

"*Eighteenth.* That the said conveyance of the said described property, namely, lot 915, being a part of the Stanton farm so-called 'Private Claim 473,' and being so

numbered and described by and according to the recorded plat of a portion of said farm recorded in the register's office of the county of Wayne in Liber six of plats, p. 26, to the said Elmer M. Danforth and Annettie Danforth may be held and decreed subject to the said levies of your orator, and that the same, or the title and interest of the said Elmer M. Danforth therein, may be sold to satisfy said judgments, costs, and the interests thereof, and the costs of this suit."

As before stated, the defendants, though personally served, did not answer, but allowed orders *pro confesso* to be entered. See Chancery Rule 7, subd. *b.* The rule has been stated as follows:

"Instead of answering the bill, the defendant let it be taken as confessed. This was an admission on his part of every material fact stated in it. If he had wished to controvert the truth of any of the allegations of the bill, he should have put them in issue by plea or answer; and, not having done so, he was precluded from introducing evidence for that purpose before the master." *Ward* v. *Jewett,* Walk. Ch. (Mich.) 45.

The decree authorized the sale of the entire property. The averment of the bill of complaint which we have quoted avers that at least one-half of the consideration paid for the real estate was paid by defendant Elmer M. Danforth, and that he is the owner of at least one-half of the premises. This averment and the prayer for relief is not broad enough to warrant a decree for the sale of all the property. It must be modified so as to provide for a sale of an undivided one-half of the property.

Defendants will recover costs of this court.

Montgomery, C. J., and Ostrander, Blair, and Stone, JJ., concurred.