### BURGARD *v.* BURGARD.

1. JUDGMENT—DEFAULTS—SETTING ASIDE.

> The provisions of Circuit Court Rule 12, subd. *b*, limiting the time for opening a default to six months "where personal service has been made upon a defendant, and proceedings taken after default on the strength thereof" apply to the entry of judgment on the strength of a default, that being a proceeding within the language of the rule.

2. SAME—WAIVER—STIPULATIONS.

> Oral negotiations to adjust the differences of plaintiff and defendant, resulting, as claimed by one party and denied by the other, in a proposition to be acted on in two weeks, or, if not, that defendant's default should be set aside, could not be treated as a waiver of the provisions of said rule, in the absence of a written stipulation.

Error to Macomb; Tappan, J., presiding. Sub-

mitted April 22, 1913. (Docket No. 116.) Decided May 28, 1913.

Trespass *vi et armis* by Lillian Burgard against Henry Burgard for assault. Defendant suffered default. Judgment for plaintiff. Defendant moved to vacate the default, and reviews an order denying the motion on writ of error. Affirmed.

*Watson, Safford & Shepherd (Eugene I. Falk, of counsel), for appellant.*

*Warren S. Stone, for appellee.*

STONE, J. This case presents the sole question whether the circuit court erred in refusing to set aside a default and a default judgment for plaintiff, where the motion was made more than six months after personal service was had upon the defendant, and a judgment had been entered on the strength of the default. The material facts as to the dates are not in dispute. The writ of summons was personally served upon the defendant the same day the writ was issued, viz., May 15, 1911, and his default for not appearing was received, filed, and entered October 18, 1911. Judgment for plaintiff was entered June 21, 1912. Defendant's special appearance and motion to have the default and judgment set aside were filed and entered October 28, 1912, being one year and ten days after the default was entered, and over four months after the judgment was entered.

It is the claim of defendant that some time prior to the month of March, 1912, in addition to the alleged cause of action stated in the declaration, there were other—

"Matters in dispute between the parties growing out of the settlement and adjustment of the estate of one William Burgard, deceased. In March, 1912, the parties, through their attorneys, got together in the

city of Detroit and tried to adjust their differences. It was finally agreed that certain propositions should be considered by Mr. Burgard (the defendant), and, if not acted upon within two weeks, the default would be set aside."

This is denied by plaintiff, who claims that the only "differences" existing between the parties arising out of the settlement and adjustment of the estate of William Burgard, deceased, was the claim of plaintiff for services rendered deceased during his lifetime; that the meeting in Detroit, in March, 1912, was brought about at the solicitation of the defendant, or his counsel, and the final proposal was an offer on behalf of defendant which was to remain open for plaintiff's acceptance for two weeks; that it was never discussed, agreed, or understood that the matter of settlement, or bringing said cause to trial, was to be indefinitely prolonged, but was to be finally determined and acted upon at the expiration of said two weeks; that on or about June 15, 1912, after a delay of a number of months, plaintiff's attorney informed defendant's attorneys that he would wait no longer, but intended to proceed to judgment in the case.

Counsel are far apart as to their understanding of the facts, as appears by their affidavits set out in the record. Unfortunately their agreement was not in writing, as required by Circuit Court Rule 39, and the circuit court was of opinion that the case was controlled by subdivision "b," Circuit Court Rule 12, which provides that, where personal service has been had upon a defendant, and proceedings taken after default on the strength thereof, default shall not be set aside unless application is made within six months after service, and that the circuit court had no discretion in the matter. The defendant urges that the plaintiff had by her conduct waived the provisions of the rule.

We are of opinion that the ruling of the circuit

court was correct, and finds support in the following cases: *Petley* v. *Wayne Circuit Judge,* 124 Mich. 14 (82 N. W. 666) ; *Carpenter* v. *Judge of Superior Court,* 126 Mich. 8 (85 N. Y. 265) ; *Biensteadt* v. *Clinton Circuit Judge,* 142 Mich. 633 (105 N. W. 875) ; *Caille Bros. Co.* v. *Saginaw Circuit Judge,* 155 Mich. 480 (120 N. W. 6) ; *Steele* v. *Bliss,* 170 Mich. 175-190 (134 N. W. 1013, 135 N. W. 931). In *Carpenter* v. *Judge of Superior Court, supra,* it was held that the entry of a judgment was a "proceeding taken after default on the strength thereof," within the meaning of this rule. The essential purpose of the rule is to set a limit to the time within which the court may act.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.