COOK *v.* WAYNE CIRCUIT JUDGE.

1. JUDGMENT—DEFAULT—COURT RULES—SETTING ASIDE DEFAULT.
Under Circuit Court Rule No. 32, subd. 4, providing that where proceedings are taken after default on strength thereof the default should not be set aside unless application is made within six months after such default is regularly filed, where proceedings were taken after default on the strength thereof, upon defendant's default on personal service of a bill for want of answer, and a decree was thereafter entered, an order setting aside such default more that six months after its entry was void.

2. ABATEMENT—DEATH OF CODEFENDANT—ESTATES BY ENTIRETIES —DEFAULT.
It was unnecessary to suggest on the record the death of the decedent, and the decree was not void because of his death prior thereto, where a decree was rendered after the death of one of the defendants, whose interest in the premises, relating to which the suit was brought, was held by the entireties by such defendant and his wife, also a party to the suit, and the defendants were in default after personal service.

Mandamus by William Cook to compel Patrick J. M. Hally, circuit judge of Wayne county, to vacate an order setting aside a default. Submitted November 28, 1916. (Calendar No. 27,499.) Writ granted June 27, 1917. Rehearing denied December 28, 1917.

*Frederick Miller* and *J. W. Bennett,* for plaintiff.

*William Look,* for defendant.

BIRD, J.   The plaintiff filed his suit in equity to establish and have confirmed in him an easement in the premises of Katherine Dehnert, Emil Dehnert, and William Ortman. The bill was filed on August 13, 1914. The defendants were personally served, and on August 27th they entered their appearance by attorney, and on the same day were served with copies of

the bill. The defendants were duly defaulted on December 1, 1914, for failure to respond to the bill, and a decree was filed therein on May 14, 1915. On January 17, 1916, a motion was made to set aside the default. This motion was granted on March 31, 1916, over a year after the default had been entered. Plaintiff now asks this court for a writ of mandamus to compel the trial court to set aside this order, and in support thereof he calls attention to Circuit Court Rule No. 32, subd. 4. That part of the rule which is material hereto provides that:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

It is insisted by the relator that, inasmuch as more than six months had expired when the decree and default were set aside, the order is invalid. The default of the defendants appears to have been duly and regularly entered. This was followed by a decree. It is obvious, therefore, that, "Proceedings were taken after default on the strength thereof." The object of this rule was to fix the time within which a default might be set aside, and it has been repeatedly held that an order setting aside a default after the expiration of six months from its entry was void, and mandamus has issued to compel the vacation of such orders. *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14 (82 N. W. 666) : *Carpenter* v. *Judge of Superior Court*, 126 Mich. 8 (85 N. W. 265) ; *Biensteadt* v. *Clinton Circuit Judge*, 142 Mich. 633 (105 N. W. 875) ; *St. Louis Hoop & Stave Co.* v. *Wayne Circuit Judge*, 155 Mich. 311 (118 N. W. 989).

But it is argued that the decree was void. This is based upon the fact that Mr. Dehnert was dead when the decree was granted, and no suggestion of the fact

had been made upon the record. In view of the fact that his default had been entered during his lifetime and the further fact that the interest in the premises, out of which the contention grew, was held by himself and his wife by the entireties, we think there is no force to this point. Upon his death his interest became vested in the survivor, and she was a party. Under such circumstances it would be unnecessary to suggest the death of defendant Dehnert upon the record.

The writ must issue, with costs to the relator.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.