### W. H. WARNER COAL CO. v. NELSON.

1. GARNISHMENT—STATUTORY PROCEEDING.

The proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates.

2. SAME—DEFAULT—WAIVER—ESTOPPEL.

Where a garnishee defendant did not appear, its consent to an irregular proceeding could not be presumed, and its want of appearance did not waive its right to insist, on motion to set aside the default, upon the provisions of the statute being complied with, nor estop it from insisting that the proceedings were irregular.

3. SAME—JUDGMENT—STATUTES—VOID JUDGMENT.

Where a joint judgment against the garnishee defendant and the principal defendant was entered on the same day, the judgment against the garnishee defendant was premature and void, section 10612, 3 Comp. Laws 1897, providing for an interim of at least two days between the judgment against the principal defendant and that against the garnishee.

4. SAME—PROCESS—PLEADING—JOINT JUDGMENT.

Where the summons in garnishment proceedings ran against the principal defendant alone, and the declaration counted

upon a cause of action against him alone, a joint judgment against the principal defendant and the garnishee is unauthorized by the law, since the liability of the garnishee defendant is contingent upon a preceding judgment establishing liability against the principal defendant.

5. JUDGMENT — SETTING ASIDE DEFAULT — LIMITATION — CIRCUIT COURT RULE.

The entry of a void judgment after default in garnishment proceedings was not such a proceeding under former Circuit Court Rule No. 12b, as to limit the time for setting aside said default to six months, since the words of the rule import valid proceedings.

Error to Mason; Withey, J. Submitted October 18, 1918. (Docket No. 84.) Decided December 27, 1918.

Garnishment proceedings by the W. H. Warner Coal Company against Charles Nelson, principal, and the Ludington State Bank, garnishee. Judgment for plaintiff on default. Defendant bank brings error. Reversed, and default set aside.

*Robert J. Quail,* for appellant.

*A. A. Keiser,* for appellee.

On February 18, 1915, plaintiff commenced suit against Charles Nelson in the circuit court for the county of Mason by summons. On the same day it filed a proper affidavit and a writ of garnishment was issued against Ludington State Bank as garnishee defendant. The summons was served on Nelson the same day. The return of the sheriff also shows that on the same day the writ of garnishment was served upon the garnishee defendant "by showing the said writ, with the seal impressed thereon, to cashier of said above named garnishee, and at the same time delivering to cashier of above named garnishee a true copy of said writ." On March 17th plaintiff filed its declaration in the suit commenced against Nelson counting on the common counts in assumpsit, and setting up copies of several notes executed by Nelson.

On March 20th the default of the principal defendant was entered. No disclosure or appearance of garnishee defendant, Ludington State Bank, having been entered, on March 24th its default was also entered. June 8th judgment in assumpsit was rendered jointly against defendant Nelson and the bank. The judgment recited that "the said Charles Nelson as well as the said Ludington State Bank, did undertake and promise in manner and form as the said W. H. Warner Coal Company hath in their declaration in this case complained against them"; that plaintiff had suffered damages "to the sum of one thousand and forty-five and 32/100 dollars," and "that the said W. H. Warner Coal Company do recover against the said Charles Nelson, as well as against the said Ludington State Bank, their damages aforesaid" together with costs, and that the "said W. H. Warner Coal Company have execution therefor." June 14th defendant bank filed a motion to set aside its default and the judgment entered against it, and to permit it to file its disclosure showing no funds in its hands belonging to the principal defendant. The motion was supported by the affidavit of the president and cashier of the bank; that of the president showing that he usually attended to the litigation of the bank (it appears from the record that he is an attorney), that when the writ of garnishment was served he was ill, unable to attend to business and his recovery was gradual, and that when he recovered, the copy of the writ had been lost, and that nothing was then brought to his attention about the garnishment proceedings until he learned from a newspaper on June 11th that judgment had been taken against the bank. The cashier's affidavit showed among other things that the bank had no money to the credit of the principal defendant when the writ was served nor since that time. It appears that the next session of court was October 4th and the motion

was noticed for that day. It was denied. It is to be inferred that the ground was want of an affidavit of merits. On October 5th another motion to set aside the default and judgment was filed with more amplified showing. This motion came on to be heard October 9th and was met with the objection that under former Circuit Court Rule No. 12b then in force, six months having expired since the entry of the default the court was without power to grant the motion. This ground of objection was sustained, the court saying:

"If I could help you, I would, and do it legitimately. The court has no discretion and no power—absolutely none. The default is regular 'and the whole record is regular, and there is only a slight error, if at all, and you have corrected it in your own showing. (This evidently referred to the return of the officer.)

"You slept on your rights and let your remedies die and now the court cannot help you. He is powerless to do so. I would be glad if I could, but I cannot do so."

On October 20th an affidavit of merits and a disclosure was filed, and on October 22d plaintiff's costs in the principal suit were taxed. On December 9th another motion to set aside the default was filed which contained additional reasons by way of certain claimed irregularities in the proceedings. This motion was heard the same day it was filed and was denied. The court also made the following order:

"The joint judgment against the principal and garnishee defendant is hereby set aside as to the garnishee defendant, but may stand at the option of counsel for the plaintiff, as a valid judgment against the principal defendant."

It should also be stated that counter affidavits were filed on these various motions, but as the action of the trial judge was based on want of power to consider the motion rather than an exercise of discretion,

we deem it unnecessary to detail them. After the entry of the last mentioned order and on December 18th plaintiff filed a motion to correct the judgment entry against the principal defendant so that it might be in proper form a judgment against the principal defendant alone on default and proofs in open court, and also on the same day filed a motion for an order requiring the clerk to enter judgment against the garnishee defendant for the amount of plaintiff's claim *nunc pro tunc* as of June 8th. These motions had supporting affidavits. The garnishee defendant on January 3, 1916, filed a motion to discontinue the garnishee proceedings on the ground that plaintiff had failed to proceed to judgment against the garnishee defendant as soon as it was entitled to under the rules and practice. These three motions came on for hearing January 5th. Defendant's motion was denied and plaintiff's motions granted. On the same day a judgment in proper form as to defendant Nelson was entered *nunc pro tunc* as of June 8, 1915, and one against the bank *nunc pro tunc* as of June 10, 1915.

FELLOWS, J. (*after stating the facts*). The case is here upon writ of error sued out by the garnishee defendant alone, and we are therefore concerned only in the proceedings against it. We do not find it necessary to consider all the questions raised as we are satisfied that a disposition of one phase of the case is controlling. Appellant insists that the judgment against it was prematurely entered, and that in any event the joint judgment rendered against it and the principal defendant is neither valid nor warranted by law. In considering the question here involved we must take into consideration that the proceeding in garnishment is special and statutory, affording a harsh remedy, and that one pursuing it must bring himself within the statute and follow its mandates: *Iron*

*Cliffs Co.* v. *Lahais*, 52 Mich. 394; *Weimeister* v. *Manville*, 44 Mich. 408; *Ford* v. *Detroit Dry Dock Co.*, 50 Mich. 358; *Ettelsohn* v. *Insurance Co.*, 64 Mich. 331. The statute and rules in force at the time of this proceeding are those to be considered; section 10612, 3 Comp. Laws 1897, provides:

"If the plaintiff obtain judgment against the principal defendant, in the circuit court, and the latter does not, within two days thereafter, serve upon the garnishee notice of motion for new trial, or of his intention to remove the cause to the Supreme Court, the statutory issue shall stand for trial at that term of the court on the docket containing the suit in the order of formation of such issue."

It is most earnestly insisted by plaintiff's counsel that *Crippen* v. *Fletcher*, 56 Mich. 386, is authority to support plaintiff's right to proceed at once to judgment against the garnishee defendant unless objection is made and it is said by counsel:

"The garnishee defendant having been in default as well as the principal defendant, both must be held to have consented to the rendition of the judgment upon June 8, 1915, as entered by the clerk in the first instance."

It is possible that there is some language used in the opinion in the case cited tending to give color to counsel's claim, but we must consider the question there under consideration and all that was said instead of an isolated excerpt. In that case the trial was held by consent of the parties, and it was held that it could not be urged in this court that it was brought on improperly. After remarking that, "The only question now is whether it affects the jurisdiction to proceed earlier where no one objects," the court said:

"It is clear enough that the garnishee defendant could not be compelled to go to trial within the two days; and further that, if appellate proceedings should

be had by the principal debtor, the garnishee judgment, if rendered, could be stayed by the circuit court until the other was disposed of. But there seems to be no reason why the garnishee defendant may not consent to have the issue as to him tried at any time, and in the present case it is found expressly that both parties came into court ready for trial, and no objection was made below at all. It cannot now be insisted the trial was improperly brought on."

In the instant case the garnishee defendant did not consent; it had not appeared, and most assuredly where it had not appeared, its consent to an irregular proceeding could not be presumed. Its want of appearance did not waive its right to insist upon the provisions of the statute being complied with, nor estop it from insisting that the proceedings were irregular. The statute provided an interim of at least two days between the judgment against the principal defendant and that against the garnishee defendant. This judgment was therefore prematurely rendered against appellant. A premature judgment is invalid. *Vohlers* v. *Manufacturing Co.*, 171 Mich. 8 (Ann. Cas. 1914B, 1032). See, also, *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87; *McGinley* v. *Mining Co.*, 121 Mich. 88, and other cases where this court in cases involving the validity of tax proceedings has held that a decree was prematurely entered and void if entered without waiting the five days provided by the following statute:

"If, within the first five days after the day fixed in such notice for the hearing of such petition, it shall be made to appear to the court that any person has been prevented from filing objections to any tax, without fault on his part, such further time may be granted for that purpose as may seem proper, not exceeding five days." Section 66, Act No. 206, Pub. Acts 1893.

See, also, *Liverpool, etc., Ins. Co.* v. *Grocery Co.*, 97 Ga. 746 (25 S. E. 828).

Nor are we able to find any warrant for a joint judgment against the principal defendant and the garnishee defendant, either upon the record or as matter of law. The summons ran against the principal defendant alone. The declaration counted upon a cause of action against him alone. So the record does not justify such judgment. Is it authorized by the law? We think not. It is quite universally held that a judgment against the principal defendant must precede the judgment against the garnishee defendant. This is necessarily so, as the liability of the garnishee defendant is contingent upon establishing liability against the principal defendant. Mr. Shinn, in his work on Attachment and Garnishment, page 1112, lays down the rule:

"It is because of the fact that no valid judgment can be entered against the garnishee unless a valid judgment has been first entered against the defendant, that the garnishee is permitted to question the jurisdiction of the court and the validity of the judgment rendered against the defendant."

And this court has held that there must be a judgment against the principal defendant to justify one against the garnishee defendant. *Iron Cliffs Co.* v. *Lahais, supra; Laidlaw* v. *Morrow*, 44 Mich. 547. A joint judgment cannot be rendered against the defendant in attachment and the garnishee. *Fourth Nat. Bank of Cincinnati* v. *Mayer*, 89 Ga. 108 (14 S. E. 891). Indeed, the trial judge apparently thought this judgment was invalid as against the garnishee defendant as he set it aside on his own motion. We are not concerned with the question of whether the judgment may be regarded as valid against the principal defendant and the including of the garnishee as surplusage; the question is, Was a joint judgment warranted? We think not. The trial court so held and we do not understand plaintiff questions this holding.

We now come to the consideration of former Circuit

Court Rule No. 12*b* (131 Mich. XXXV) and the following portion thereof:

"But in cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly entered."

That this rule applies to garnishee proceedings has been settled by this court. *Carpenter* v. *Judge of Superior Court*, 126 Mich. 8; *Petley* v. *Wayne Circuit Judge*, 124 Mich. 14; *Caille Bros. Co.* v. *Saginaw Circuit Judge*, 155 Mich. 480. That the rule as it stood, both before and after its amendment in 1903, was not available unless the default was a valid one, one duly entered, regularly and properly entered, has also been settled by this court. *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617; *McWilliams* v. *Lenawee Circuit Judge*, 142 Mich. 226; *McCain* v. *Wayne Circuit Judge*, 187 Mich. 73. In the *Turner Case* the party was not actually in default. In the *McWilliams Case* the jurat to a bill for divorce had not negatived collusion. In the *McCain Case* the return of the officer did not show a proper service, although the return was amended before the hearing of the motion. In each of these cases it was held that the limitation of the rule did not apply. Coming now to the specific questions, do the words "proceedings taken after default on the strength thereof" import valid proceedings, regular proceedings, or do they import invalid and irregular proceedings? Applying the last cited cases we are impressed that the words import valid and regular proceedings. While the entry of a judgment is a proceeding taken on the strength of the default (*Carpenter* v. *Judge of Superior Court, supra; Burgard* v. *Burgard,* 175 Mich. 565), it must be a valid judgment, one regularly entered. In the instant case the only proceedings taken on the strength of the default of

the garnishee defendant before its second motion to set aside its default, or its third motion for the same purpose, was the entry of the invalid joint judgment against it and the principal defendant. This was not a valid proceeding, therefore, not a proceeding within the contemplation of the rule. The trial court was in error in holding that he was without power to dispose of the motion on its merits.

We do not overlook *Travelers' Insurance Co. of Hartford* v. *Kent Circuit Judge,* 144 Mich. 687, nor *Fasquelle* v. *Kennedy,* 55 Mich. 305. The first of these cases involved the granting of a new trial as matter of favor and whether setting aside the judgment on such application prevented the running of the six-months period. It was held that the rule could not be thus circumvented. The judgment in that case was a valid one, and granting a new trial did not do away with the fact that valid proceedings had been taken on the strength of the default. In the instant case the judgment was not a valid one and was set aside because invalid and not as matter of favor. The second of these cases involved a judgment of a justice of the peace. The judgment against the garnishee defendant was a valid one, the sole question being whether entitling the docket in the names of both defendants was improper and rendered the proceedings void. The record showed that the proceedings in the principal suit and in the garnishee suit were kept separate. It was held that the proceedings were not defective by reason of the caption in the docket. Here we have not a defective caption but a defective judgment.

It follows from what we have said that the case must be reversed and defendant's motion to set aside its default must be heard and disposed of on its merits. The appellant will recover costs of this court.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.